UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBC EQUITIES, INC., and DOUGLAS K. RAU,<br>        Plaintiffs<br><br>        V.<br><br>WESTMOUNT FINANCIAL LIMITED PARTNERSHIP,<br>        Defendant | CIVIL ACTION NO. 05CV-40156-FDS |

**DEFENDANT'S ANSWER TO VERIFIED COMPLAINT**

Westmount Financial Limited Partnership ("Westmount") makes the following answer to the complaint filed by BBC Equities, Inc. ("BBC") and Douglas K. Rau ("Rau"):

1.  Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.  Westmount admits the allegations in paragraph 3.

4.  Westmount admits the allegations in paragraph 4, and states that it also has usual places of business at 4500 P.G.A. Boulevard, Suite 303B, Palm Beach Gardens, Florida, and One Harbour Place, Suite 465, Portsmouth, New Hampshire.

5.  Westmount admits that BBC has purchased and resold properties in Worcester and Franklin Counties, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Westmount admits that BBC obtained mortgage loans from Westmount relating to the properties listed in paragraph 7, but denies the remaining allegations in that paragraph.

8. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Westmount denies the allegations in paragraph 9.

10. Westmount admits that it made certain loans to BBC, the terms of which are contained in various writings memorializing the "Loan Agreements." The terms of the Loan Agreements speak for themselves. Westmount denies the remaining allegations in paragraph 10 to the extent they are inconsistent with the Loan Agreements.

11. Westmount denies the allegations in paragraph 11 to the extent they are inconsistent with the Loan Agreements.

12. Westmount admits that neither of the loans referenced in paragraph 12 was paid within the initial term specified in its Loan Agreement, but denies the remaining allegations in paragraph 12.

13. Westmount denies that all of the loans referenced in paragraph 13 were paid within the initial terms specified in their Loan Agreements.

14. Westmount admits that BBC purchased property at 14-34 Main Street, Gardner, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Westmount admits the allegations in paragraph 16.

17. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.  To the extent the allegations characterize municipal code provisions, no response is required.

19. Westmount denies the allegations in paragraph 19.

20. Westmount admits the authenticity of the letter attached to the Complaint as Exhibit C and that it offered BBC a loan consistent with the terms expressed therein, but denies the remaining allegations in paragraph 20.

21. Westmount states that the Construction Loan for 14-34 Main Street, Gardner, is the largest construction rehabilitation loan Westmount has undertaken and therefore denies that BBC knew otherwise.

22. Westmount admits that it or its subsidiaries or affiliates has participated in joint ventures to develop large commercial real estate projects, but denies that it owns or develops rehabilitation projects of the scale of 14-34 Main Street, Gardner.

23. Westmount denies that it has owned rehabilitation projects of the scale of 14-34 Main Street, Gardner and therefore denies that BBC knew otherwise.

24. Westmount denies the allegations in paragraph 24.

25. Westmount admits the authenticity of the letter attached to the Complaint as Exhibit D, but denies the remaining allegations in paragraph 25.  Westmount specifically denies that it made any representations to BBC, that BBC relied on same, and that any such reliance would have been reasonable.

26. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Westmount denies the allegations in paragraph 27.

28. Westmount admits the allegations in paragraph 28.

29. Westmount admits that BBC sold certain of its properties, but denies the remaining allegations in paragraph 29.

30. Westmount admits that the Construction Loan for 14-34 Main St., Gardner, was secured by several properties, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30.

31. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Westmount admits the authenticity of the memorandum attached to the Complaint as Exhibit E, but denies the remaining allegations in paragraph 32.

33. Westmount admits that BBC granted Westmount a security interest in certain of its properties listed in Exhibit E to the Complaint, but denies the remaining allegations in paragraph 33.

34. Westmount denies the allegations in paragraph 34.

35. Westmount admits that it had a security interest in the property at 15 Nashua St., Fitchburg, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36. Westmount admits that it administered its loans to BBC in accordance with the rights granted it under the Loan Agreements, and denies any suggestion to the contrary in paragraph 36.

37. Westmount admits that, in October 2004, when BBC was in default of its obligations under the Loan Agreements, BBC requested modification of prior agreements without consideration and Westmount declined such proposal. Westmount denies the remainder of the allegations in paragraph 37.

38. Westmount admits that it administered its loans to BBC in accordance with the rights granted it under the Loan Agreements, and denies any suggestion to the contrary in paragraph 38.

39. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Westmount admits that BBC asked for a payoff figure and the timeframe within which it had to be paid, but denies the remaining allegations in paragraph 40.

41. Westmount denies the allegations in paragraph 41.

42. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Westmount denies the allegations in paragraph 43.

44. Westmount denies the allegations in paragraph 44 and specifically denies any change in Westmount's payoff.

45. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Westmount admits that it administered its loans to BBC in accordance with the rights granted it under the Loan Agreements, subject to the Stipulation In Lieu of Preliminary

Injunction, approved in the Superior Court Action on August 17, 2005, but denies the remaining allegations in paragraph 47.

48. Westmount admits that 31 Gant Street, Gardner, was substantially damaged by fire, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49. Westmount admits that it administered its loans to BBC in accordance with the rights granted it under the Loan Agreements, but denies the remaining allegations in paragraph 49.

50. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Westmount denies the allegations in paragraph 51.

52. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. Westmount denies the allegations in paragraph 53.

54. Westmount admits that Rau personally guaranteed certain of BBC's obligations to Westmount, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54.

55. Westmount denies that it seized proceeds from BBC's sales of assets, admits that it received promised payments upon liquidation of its collateral consistent with the terms of the Loan Agreements and denies the remaining allegations in paragraph 55.

56. Westmount admits that BBC has submitted various proposals to modify the terms of the Loan Agreements, the terms of which speak for themselves.

57. Westmount denies the allegations in paragraph 57.

58. Westmount denies that it usurped sales proceeds, admits that it administered its loans to BBC in accordance with the rights granted it under the Loan Agreements and denies the remaining allegations in paragraph 58.

59. Westmount denies the allegations in paragraph 59.

60. Westmount admits the authenticity of the letter attached to the complaint as Exhibit G, but denies the remaining allegations in paragraph 60.

61. Westmount denies the allegations in paragraph 61.

62. Westmount denies the allegations in paragraph 62.

63. Westmount denies the allegations in paragraph 63.  True and accurate copies of letters, as filed with the Massachusetts Attorney General's office, evidencing compliance with the terms of M.G.L. 271, § 49 are attached hereto as **Exhibit A**.

## COUNT I
## Usury

64. Westmount repeats its responses to paragraphs 1 through 63 and incorporates them as though they were fully set forth herein.

65. Westmount states that paragraph 65 is a statement of law to which no response is required.

66. Westmount states that paragraph 66 is a statement of law to which no response is required.

67. The allegations in paragraph 67 are unintelligible, and Westmount therefore denies them.

68. Westmount denies the allegations in paragraph 68.

## COUNT II
### Fraud

69. Westmount repeats its responses to paragraphs 1 through 68 and incorporates them as though they were fully set forth herein.

70. As to the allegations in the first sentence of paragraph 70, Westmount states that the terms of the Loan Agreements speak for themselves.  Westmount denies the allegations in the second sentence of paragraph 70.

71. Westmount admits that, in consideration of the partial release of its collateral, it required substitute collateral in the form of a blanket security interest in certain of BBC's properties, but denies the remaining allegations in paragraph 71.

72. Westmount denies the allegations in paragraph 72.

73. Westmount denies the allegations in paragraph 73.

74. Westmount denies the allegations in paragraph 74.

## COUNT III
### Fraud

75. Westmount repeats its responses to paragraphs 1 through 74 and incorporates them as though they were fully set forth herein.

76. Westmount denies the allegations in paragraph 76.

77. Westmount denies the allegations in paragraph 77.

78. Westmount denies the allegations in paragraph 78.

79. Westmount denies the allegations in paragraph 79.

80. Westmount denies the allegations in paragraph 80.

## COUNT IV
### Interference with Contractual Relations

81. Westmount repeats its responses to paragraphs 1 through 80 and incorporates them as though they were fully set forth herein.

82. Westmount is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Westmount denies the allegations in paragraph 83.

84. Westmount denies the allegations in paragraph 84.

85. Westmount denies the allegations in paragraph 85.

## COUNT V
### Good Faith and Fair Dealing

86. Westmount repeats its responses to paragraphs 1 through 85 and incorporates them as though they were fully set forth herein.

87. Westmount states that paragraph 87 is a statement of law to which no response is required.

88. Westmount admits the allegations in paragraph 88.

89. Westmount denies the allegations in paragraph 89.

90. Westmount denies the allegations in paragraph 90.

## COUNT VI
### G.L. c 93A §§ 2 and 11

91. Westmount repeats its responses to paragraphs 1 through 90 and incorporates them as though they were fully set forth herein.

92. Westmount admits the allegations in paragraph 92.

93. Westmount admits that it knows that certain of the loans it made to BBC were for purchase of properties in Massachusetts, but denies the remaining allegations in paragraph 93.

94. Westmount admits that is has performed inspections of properties in Massachusetts, has received checks and correspondence from Massachusetts, and has recorded documents in Massachusetts, but denies the remaining allegations in paragraph 94.

95. Westmount denies the allegations in paragraph 95.

96. Westmount denies the allegations in paragraph 96.

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' damages, if any, are the consequence of its knowing assumption of business risk.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are governed by New Hampshire law.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' damages, if any, were caused by persons other than the defendants.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged unfair or deceptive acts did not occur primarily and substantially in Massachusetts.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to plead fraud with particularity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by lack or failure of consideration for any alleged modification of the parties' agreement.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged reliance on any alleged representations or misrepresentations made by defendants was speculative, misplaced, unreasonable, and/or constituted a voluntary business decision.

## TENTH AFFIRMATIVE DEFENSE

Defendant has complied with the registration requirements of M.G.L. c. 271, § 49.  See **Exhibit A**.

**WESTMOUNT FINANCIAL LIMITED PARTNERSHIP**

By its attorney,

/s/ Kristin D. Thompson
Robert L. Hamer, Esq., BBO #218715
Kristin D. Thompson, Esq., BBO #656179
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: September 21, 2005

## CERTIFICATE OF SERVICE

I, Kristin D. Thompson, hereby certify that I have this day served a copy of the foregoing document, via fax, and by mailing a copy, first class mail, postage prepaid, to **Dana E. Casher**, Esq., Krulewich, Casher, P.C., 50 Staniford Street, Boston, MA 02114.

/s/ Kristin D. Thompson
Kristin D. Thompson, Esq.

Dated: September 21, 2005

# EXHIBIT A

# Law Offices of Jack Bryan Little, P.C.

401 Andover Street
North Andover, MA 01845
(978) 682-9985   FAX (978) 682-9935

August 23, 2004

00292

Office of the Attorney General
Usury & Criminal Division
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

RE:   WESTMOUNT FINANCIAL LIMITED PARTNERSHIP
      Notification of intent to engage in loan transactions pursuant to M.G.L. c. 271 s. 49

Dear Sir/Madam:

This office represents Westmount Financial Limited Partnership in connection with certain high interest loan transactions.

Please accept this correspondence as notification pursuant to M.G.L. c. 271, s. 49 that Westmount Financial Limited Partnership intends to enter into high interest loan transactions.

The following information is provided pursuant to the said statute:

    Name of Lender:    Westmount Financial Limited Partnership
    Address of Lender:    14648 N. Scottsdale Road
                                  Suite 325
                                  Scottsdale, AZ 85254

Records of all such transactions shall be maintained at the above address.

Please feel free to contact me if I can be of any assistance to you in this regard.

Sincerely,

Jack Bryan Little

RECEIVED
AUG 24 2004
OFFICE OF THE ATTORNEY GENERAL
CRIMINAL BUREAU

# Law Offices of Jack Bryan Little, P.C.

---

401 Andover Street
North Andover, MA 01845
(978) 682-9985   FAX (978) 682-9935

August 4, 2003

Office of the Attorney General
Usury & Criminal Division
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

000190

RE:   WESTMOUNT FINANCIAL LIMITED PARTNERSHIP
      Notification of intent to engage in loan transactions pursuant to M.G.L. c.271 s. 49

Dear Sir/Madam:

This office represents Westmount Financial Limited Partnership in connection with certain high interest loan transactions.

Please accept this correspondence as notification pursuant to M.G.L. c. 271, s. 49 that Westmount Financial Limited Partnership intends to enter into high interest loan transactions.

The following information is provided pursuant to said statute:

| | |
|---|---|
| Name of Lender: | Westmount Financial Limited Partnership |
| Address of Lender: | 4500 P.G.A. Boulevard |
| | Suite 303B |
| | Palm Beach Gardens, Florida 33418 |

Records of all such transactions shall be maintained at the above address.

Please feel free to contact me if I can be of any assistance to you in this regard.

Sincerely,

Jack Bryan Little

RECEIVED
AUG 06 2003
OFFICE OF THE ATTORNEY GENERAL
CRIMINAL BUREAU

# Law Offices of Jack Bryan Little, P.C.

401 Andover Street
North Andover, MA 01845
(978) 682-9985    FAX (978) 682-9935

February 1, 2002

Office of the Attorney General
Usury & Criminal Division
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

RE:    WESTMOUNT FINANCIAL LIMITED PARTNERSHIP
       Notification of intent to engage in loan transactions pursuant to M.G.L. c. 271 s. 49

Dear Sir/Madam:

This office represents Westmount Financial Limited Partnership in connection with certain high interest loan transactions.

Please accept this correspondence as notification pursuant to M.G.L. c. 271, s. 49 that Westmount Financial Limited Partnership intends to enter into high interest loan transactions.

The following information is provided pursuant to the said statute:

    Name of Lender:    Westmount Financial Limited Partnership
    Address of Lender:  4500 P.G.A. Boulevard
                            Suite 303B
                            Palm Beach Gardens, Florida 33418

Records of all such transactions shall be maintained at the above address.

Please feel free to contact me if I can be of any assistance to you in this regard.

Sincerely,

Jack Bryan Little

# LAW OFFICES OF JOHN L. ALLEN & ASSOCIATES
Professional Corporation
ATTORNEYS

---

John L. Allen*
*Also admitted in MA

27 Lowell Street
Manchester, NH 03101
Telephone (603) 666-9966
Fax (603) 668-7730

David A. Pappalardo*

May 17, 2001

Office of the Attorney General
Usury & Criminal Division
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02109

Re: **WESTMOUNT FINANCIAL LIMITED PARTNERSHIP**
**Notification of intent to engage in loan transactions pursuant to M.G.L. c 271 s. 49**

Dear Sir or Madam:

Please be advised that this office represents Westmount Financial Limited Partnership in connection with certain high interest loan transactions.

Please accept this correspondence as notification pursuant to M.G.L. c. 271, s. 49 that Westmount Financial Limited Partnership, CIF, Inc (General Partner) intends to enter into high interest loan transactions.

The following information is provided pursuant to the said statute.

Name of Lender:   Westmount Financial Limited Partnership

Address of Lender:   6929 E. Greenway Parkway, Suite 190
Scottsdale, AZ 85254

Records of all such transactions shall be maintained at the Lender's Florida address, 4500 PGA Boulevard, Suite 303B, Palm Beach Gardens, Florida 33418.

If you should have any questions, then please do not hesitate to contact me.

Very truly yours,

LAW OFFICES OF JOHN L. ALLEN
AND ASSOCIATES, P.C.

By: _____
John L. Allen, Esquire

/vmm
cc:client

# Law Offices of Jack Bryan Little, P.C.

401 Andover Street
North Andover, MA 01845
(978) 682-9003   FAX (978) 502-9955

June 8, 2000

Office of the Attorney General
Usury & Criminal Division
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

RE: **WESTMOUNT FINANCIAL LIMITED PARTNERSHIP**
Notification of intent to engage in loan transactions pursuant to M.G.L c 271 s. 49

Dear Sir/Madam:

This office represents Westmount Financial Limited Partnership in connection with certain high interest loan transactions.

Please accept this correspondence as notification pursuant to M.G.L c. 271, s 49 that Westmount Financial Limited Partnership, CIF, Inc. (General Partner) intends to enter into high interest loan transactions

The following information is provided pursuant to the said statute.

Name of Lender: WESTMOUNT FINANCIAL LIMITED PARTNERSHIP

Address of Lender:  4500 P.G.A. Boulevard
Suite 303B
Palm Beach Gardens, Florida 33418

Records of all such transactions shall be maintained at the above address

Please feel free to contact me if I can be of any assistance to you in this regard

Sincerely,

Jack Bryan Little

WESTMOUNT FINANCIAL LIMITED PARTNER

*Tuk 9-1-97*

September 26, 1996

Office of Attorney General
Criminal Bureau - Usery
Room 1811
1 Ashburton Place
Boston, MA 02108

RE: Letter of Registration - High Interest Loans

Gentlemen:

Please accept this correspondence as our registration pursuant to Chapter 271 Section 49 and our intention to make loans bearing interest at a rate greater than twenty (20%) percent. In this regard please be advised of the following:

1. <u>Name of Lender</u>: Westmount Financial Limited Partnership

2. <u>Interest Rate</u>: Greater than twenty (20%) percent

3. <u>Where Records Kept</u>: 4500 PGA Boulevard
Suite 303B
Palm Beach Gardens, FL 33418

Registered Agent: Jack Little, Esquire
114 A Union Wharf
Boston, MA 33418

Should you have any questions, kindly let us know.

Very truly yours,

Mark W. Greenwood, Vice President
CIF, Inc., Its General Partner

MWG:rbk

---

Receipt for Certified Mail
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

| | |
|---|---|
| Sent to | OFFICE OF AG CRIMINAL BUREAU-USERY |
| Street and No. | Rm 1811-1 Ashburton Pl. |
| P.O., State and ZIP Code | Boston, MA 02108 |
| Postage | $0.32 |
| Certified Fee | 1.10 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Address of Delivery | 1.10 |
| TOTAL Postage & Fees | $2.52 |
| Postmark or Date | |

PS Form 3800, March 1993