## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BBC EQUITIES, INC. and** ) | |
| **DOUGLAS K. RAU,** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **C.A. NO. 05CV-40156-FDS** |
| ) | |
| **WESTMOUNT FINANCIAL LIMITED** ) | |
| **PARTNERSHIP,** ) | |
| **Defendant,** ) | |
| ) | |

## EMERGENCY MOTION FOR INJUNCTIVE RELIEF

The plaintiffs, BBC Equities, Inc. and Douglas K. Rau, hereby move, on an emergency basis, for injunctive relief as follows:

That Westmount Financial Limited Partnership

1.    is hereby restrained from receiving payment from BBC Equities, Inc., Douglas Rau or any party, its lender or anyone acting in concert with them, in connection with the purchase and sale of 38 Omena Place, Fitchburg, Massachusetts, 10-12 Martel Street, Fitchburg, Massachusetts, 136 Brookside Road, Orange, Massachusetts and 537-539 School Street, Athol, Massachusetts from BBC Equities, Inc. or Douglas Rau; and

2.    is hereby restrained from failing to provide forthwith releases of any security interest held by Westmount Financial Limited Partnership in property known as 38 Omena Place, Fitchburg, Massachusetts, 10-12 Martel Street, Fitchburg, Massachusetts, 136 Brookside Road, Orange, Massachusetts and 537-539 School Street, Athol, Massachusetts.

As grounds therefor, the plaintiffs state:

A.    The relief sought is still just a portion of the relief which had been granted by the Superior Court with the filing of this action (refer to Exhibit A annexed hereto).

B.    On August 16, 2005, in reliance upon the commitment by defendant's counsel that the parties would meet to discuss a good faith resolution to the entire matter by September 15, the plaintiffs had stipulated to a substantial reduction of the relief afforded under the original

Restraining Order, essentially addressing only those property transfers which were immediately pending at the time (see Exhibit B annexed hereto).

C.    Rather than proceeding as contemplated in the Stipulation, however, the defendant retained replacement counsel, removed the action from Superior Court to federal District Court, sought an additional extension of time to file responsive pleadings, and failed to make timely response to the plaintiffs' outstanding discovery requests.

D.    Since August 16, 2005, the plaintiffs have closed on the sale of one property and have two other sales imminently pending (against the proceeds of one of which the plaintiffs borrowed for quick access to funds) which had previously been subject to the defendant's blanket mortgage.  The proceeds of those closings has been used to bring first mortgage payments current, to bring tax liabilities current, to settle claims with trade creditors which resolved judgments, rental and mechanics' liens and attachments levied against real estate holdings and to resume rehabilitation efforts on existing properties, *inter alia*.  Many of these expenditures have protected and enhanced Westmount's security position, in addition to benefitting the plaintiffs (see Affidavit filed herewith).

E.    The plaintiffs now have, or expect to have the above properties under agreement for sale, the proceeds of which will be used in the ongoing business operations of the plaintiff, BBC Equities, Inc., including but not limited to continued improvement on the property known as 14-34 Main Street, Gardner, on which Westmount Financial Limited Partnership is fully secured.

F.    Westmount was neither the purchase lender nor the construction lender on any of the properties for which the plaintiffs seek release hereunder.  Westmount only holds a security interest by virtue of the blanket mortgages which it demanded from the plaintiffs.

G.    Westmount's security position with regard to the amounts which Westmount alleges to be owed by the plaintiffs to it will not be harmed by the release of the proceeds from the sale of these properties.  It will continue to be secured on eight properties in addition to the ones on which the two outstanding loans were actually made.

H.    As presented in the companion memorandum, equity principles unequivocally support the relief sought hereunder.

WHEREFORE, the plaintiffs move for issuance of injunctive relief as set forth above. A proposed order is submitted herewith for the court's convenience.

BBC EQUITIES, INC., ET AL
By their attorneys,

_____
Dana E. Casher, Esquire
Krulewich, Casher, P.C.
50 Staniford Street
Boston, MA  02114
(617) 367-1200
BBO # 551037

Dated: September 26, 2005

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the defendant by mailing to its counsel of record.

_____
Dana E. Casher

# EXHIBIT  A

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO. 05-1470 A

BBC EQUITIES, INC. and )
DOUGLAS K. RAU, )
    Plaintiffs, )
)
v. )
)
WESTMOUNT FINANCIAL LIMITED )
PARTNERSHIP, )
    Defendant, )
)

## TEMPORARY RESTRAINING ORDER

On plaintiffs' prayers for temporary restraining order, it is hereby ordered, on an ex parte basis, that the defendant, Westmount Financial Limited Partnership

1.    is hereby restrained from receiving any further payment from BBC Equities, Inc., Douglas Rau or any party purchasing assets from BBC Equities, Inc. or Douglas Rau; and

2.    is hereby restrained from failing to provide releases of any security interest held in property other than 14-34 Main Street, Gardner, Massachusetts and, further is restrained from failing to provide a discharge of mortgage on any property other than 14-34 Main Street, Gardner, Massachusetts upon request of BBC Equities, Inc., Douglas Rau or any person acting in concert with them; and

3.    is hereby restrained from failing to execute such documentation as is necessary to subordinate its security interest in 31 Grant Street, Gardner, Massachusetts to another lender;

until further order of this Court.

A hearing on the plaintiffs' request for preliminary injunction shall be held on August 19, 2005 at 2:00 p.m.

_____
Justice of the Superior Court
8/10/05 3:30 pm

# EXHIBIT B

DBC Equities, Inc., et al     Superior Court Dept.
Douglas K. Rau               C. A. No. 2005-0970A

v.

Westmount Financial
Limited Partnership

Stipulation in Lieu of
Preliminary Injunction

The parties hereto have stipulated
as follows:

① The Complaint for Contempt will be
withdrawn in consideration of:

② Delivery on August 17, 2005 of
a fully executed Subordination
Agreement subordinating the interest
of Westmount Financial Limited Partnership
than other in property known as 31
Grant St, Gardner, MA to another lender
up to the sum of $170,000; and

③ Delivery on August 17, 2005 of
2 fully executed Partial releases

of all right, title and interest held
by Westmount Financial Limited Partnership
in Properties known as 274 Pleasant
Street, Gardner and 208 E. Main Street,
Orange, Massachusetts with the understanding
that 100% of the net sale proceeds from
the sale of those properties is to
be paid to BBC Equities, Inc and/or
Douglas K. hau without any interference
by Westmount Financial Limited Partnership, and

(4) Delivery of a Partial Release of
all right, title and interest held by
Westmount Financial Limited Partnership
in a property known as 537–539 School
Street, Athol, Massachusetts to be held
in escrow* Pending payment of 50% of
the net sale proceeds for That Property to
BBC Equities, Inc. and 50% to Westmount
Financial Limited Partnership, which 50% Westmount
will apply to any principal debt owed to Westmount
By BBC Equities, Inc.

In light of This Stipulation, The request for
Preliminary injunction is rendered moot at This
time and The temporary restraining order ~~shall~~
dissolve.

by Dana
. Casher,
ttorney for
BC Equities,
Inc.

Counsel will have agreed to extend The time to file responsive pleadings* to at least September 15, 2005 or such other date as may be agreed upon.

to The
erified
onplant
nder Rule
12 or otherwise,

_____
Richard M. Husband
for Westmont Financial
Limited Partnership

_____
Dana E. Casher
for BBC Equities, Inc.
and Douglas K. Rau

BBO# RAU 553257
J.L. Allen & Associates, P.C.
82 Palomino Lane
Suite 602
Bedford, NH 03110

BBO# 551037

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BBC EQUITIES, INC. and<br>DOUGLAS K. RAU,<br>    Plaintiffs,<br><br>v.<br><br>WESTMOUNT FINANCIAL LIMITED<br>PARTNERSHIP,<br>    Defendant, | )<br>)<br>)<br>)<br>)<br>)   C.A. NO. 05CV-40156-FDS<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTIVE RELIEF

The plaintiffs, BBC Equities, Inc. and Douglas K. Rau (hereafter, collectively "BBC") submit this memorandum in support of their Emergency Motion for Injunctive Relief and ask that said motion be allowed without delay.   As grounds therefor, the plaintiffs submit the companion Affidavit and present the following argument:

Factual Background

The facts which give rise to the plaintiffs' entitlement to immediate injunctive relief are more fully set forth in the Verified Complaint and Affidavits.  In brief, the most critical points are:

1.     The defendant, Westmount Financial Limited Partnership, is identified in all loan documents with the plaintiffs as a Nevada limited partnership having a principal place of business in Scottsdale, Arizona (hereafter "Westmount").

2.     The only entity by the name of "Westmount Financial Limited Partnership" which

is registered to do business in the Commonwealth of Massachusetts with the Secretary of State's Office and which is registered to charge interest rates in excess of twenty per centum per annum with the Attorney General's Office is a Florida limited partnership having a principal place of business in Palm Beach, Florida.

3.     The loans from Westmount to BBC Equities, Inc. (hereafter "BBC") charged a fourteen percent origination fee ("points"), eighteen percent initial interest rate, extension fees, after ten months in excess of sixteen percent, plus late fees of $1,000 per month on any late payment and a default interest rate of thirty-six percent. Under these terms, by the defendant's own records, BBC has paid aggregates of between 36 percent and 53 percent per annum on the loans which it has already repaid Westmount.

4.     Westmount demanded that BBC and Douglas Rau grant it a blanket security interest in all their properties, whether or not Westmount had loaned any money on those properties, and without any consideration for the additional security.

5.     Westmount has used that blanket security interest to seize all proceeds from sales of assets of BBC and Douglas Rau from October, 2004 until August, 2005.

6.     Between October, 2004 and the present, BBC and Douglas Rau have been caused to suffer tremendous financial harm as a result of Westmount's conduct due to their inability to meet any other financial obligations.

7.     There is a significant dispute to the existence of any obligation of the plaintiffs to the defendant in this matter.

8.     The defendant is substantially oversecured for the debt which it claims the plaintiffs owe it, as it holds security interests on fourteen separate parcels of property, including the two on which the only outstanding loans were actually made.

9.     The plaintiffs are contractually obliged to sell four properties with free and clear

title, on which, through blanket mortgages only, the defendant holds security interests.

10.    It will benefit both the plaintiffs and the defendant to permit the closings on those properties to proceed, and to allow the proceeds of those sales to be applied to the ongoing business enterprise of BBC, without any countervailing benefit to the defendant to prevent that result.

Relevant Law

I.    <u>Injunctive Relief</u>    The long established standard for injunctive relief, requires a showing that, "without the requested relief, [the moving party] may suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits." *Packaging Industries Group v. Cheney*, 405 N.E.2d, 106, 111 (1980); Mass. R. Civ. P. 65 and Fed. R. Civ. P. 65. A temporary restraining order is appropriate when immediate relief is necessary to prevent the potential harm. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983 32 L.Ed.2d 556 (1972).

II.    <u>Usury</u> G.L. c. 271 §49 establishes usury as a crime against public policy and defines that term as the charging of interest (broadly defined as the aggregate expense of a loan) in excess of twenty percent per annum.  G.L. c. 271 §49 (c) provides a mechanism by which a lender can exempt itself from the statute.  "The general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Hanlon v. Rollins*, 286 Mass. 444, 447 (1934). The usury statute is designed to protect a necessitous debtor from outrageous demands by lenders. *Begelfer v. Najarian*, 381 Mass. 177, 409 N.E.2d 167 (1980).

III.    <u>G.L. c. 93A §11</u>  G.L. c. 93A generally prohibits unfair or deceptive acts or

practices in trade or commerce within the Commonwealth of Massachusetts. Fraud, usurious lending, and interference with contractual relations all fall within that broad definition.

Argument

The closings which are anticipated within the next few weeks demonstrate the necessity of immediate relief for BBC and Douglas Rau to avoid imminent and irreparable harm. On balance, Westmount will suffer no harm as a result of the relief sought. Until the Court has ruled upon the merits of the claims, Westmount will maintain a security interest sufficient to secure any monies loaned which it may be determined that BBC owes. As the expenditure of the proceeds improves the equity position of Westmount as well as BBC, there can be no convincing argument against release of these discrete properties. Moreover, issuance of the injunctive relief sought will enable the plaintiffs to proceed with the improvement of the properties on which Westmount remains secured, while preserving BBC's financial condition.

WHEREFORE, Douglas K. Rau and BBC Equities, Inc. ask that this Honorable Court issue the injunctive relief in the form annexed hereto, or such other form as this Honorable Court may deem just and proper.

BBC EQUITIES, INC. and
DOUGLAS RAU,
By their Attorneys,

_____
Dana E. Casher
Krulewich, Casher, P.C.
50 Staniford Street
Boston, MA  02114
(617) 367-1200
BBO #551037

Dated:  September 27, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBC EQUITIES, INC. and<br>DOUGLAS K. RAU,<br>    Plaintiffs,<br><br>v.<br><br>WESTMOUNT FINANCIAL LIMITED<br>PARTNERSHIP,<br>    Defendant, | )<br>)<br>)<br>)<br>)<br>)    C.A. NO. 05CV-40156-FDS<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT IN SUPPORT OF
## EMERGENCY MOTION FOR INJUNCTIVE RELIEF

Douglas K. Rau, being duly sworn, hereby deposes and states:

1.    I am a plaintiff and the President of the corporate plaintiff in this matter.

2.    I make this affidavit on my own personal knowledge.

3.    As of August 16, 2005, when I met with my counsel and the attorneys for Westmount Financial Limited Partnership (hereafter "Westmount") at Worcester Superior Court, I had three properties under agreement for sale in August and September.

4.    At that meeting, the attorneys for Westmount asked for an extension of time to file a response to the complaint that we had filed to allow time for me to show Dick Cabral, the principal of Westmount, all the properties that BBC Equities and I owned and to allow time for a meeting to discuss resolution of this litigation without additional legal action.

5.    The attorneys said that the tour of the properties was for purposes of Mr. Cabral satisfying himself as to the extent of Westmount's security.

6.    The next week, I took Mr. Cabral around to see all the properties on which Westmount had placed a blanket mortage as additional collateral to secure the loans on 14-34 Main Street in Gardner and 325 Main Street, Fitchburg (the only properties on which Westmount had provided funding which had not been paid in full as of that date) and, of course, those which Westmount had funded.

7.    Between August 16, 2005 and September 15, one of the three closings which we had anticipated took place and BBC was able to borrow money against another awaiting an imminent closing.

8.    The proceeds of those sales were applied to a variety of financial obligations which had fallen into arrears due to Westmount's interference in BBC Equities, Inc.'s cash flow position as set forth in the Verified Complaint. The obligations addressed, include but are not limited to: bringing first mortgages current, paying tax arrearages on properties, paying utility bills, resolving claims by trade creditors who had obtained attachments, judgments, mechanic's liens and orders to reach and apply rent payments, and paying wage and contract arrearages.

9.    Since August 16, 2005 BBC and/or I have entered into, or expect imminently to enter into purchase and sale agreements to sell the properties known as 38 Omena Place, Fitchburg, 10-12 Martel Street, Fitchburg, and 136 Brookside Road, Orange, Massachusetts. Additionally, the closing on the School Street, Athol property has been delayed (through no fault of mine or BBC's).

10.    For the reasons set forth in the Verified Complaint, BBC and I contest that we owe anything to Westmount; however, even if it is found that Westmount is owed something by BBC or me, the maximum amount of that debt by Westmount's calculations is approximately two million dollars for which Westmount will continue to hold security interests on eight properties in addition to the ones on which the two outstanding loans were actually made, after the relief sought today is granted. Westmount will be more than fully secured for the amount which it claims to be owed and, after my having shown Dick Cabral all the properties, he knows that that is true.

11.    The proceeds of the sales sought to be released in this motion, like those previously released, shall be used to advance BBC Equities and my business objectives, including satisfaction of trade debts, continuing construction efforts, and maintaining current tax, mortgage, and utility accounts which, again, protects and enhances Westmount's security position in the remaining properties.

12.    In the event that BBC and I do not receive the relief sought hereby, we will be unable to deliver clear title to the said properties, causing losses to BBC and I as well as to the purchasers of those properties and further endangering BBC's precarious financial condition.

Signed this 27th day of September, 2005 under the penalties of perjury.

Douglas K. Rau

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BBC EQUITIES, INC. and** ) | |
| **DOUGLAS K. RAU,** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **C.A. NO. 05CV-40156-FDS** |
| ) | |
| **WESTMOUNT FINANCIAL LIMITED** ) | |
| **PARTNERSHIP,** ) | |
| **Defendant,** ) | |
| ) | |

## PRELIMINARY INJUNCTION

After notice and consideration, it is hereby ORDERED, pursuant to Fed. R. Civ. P. 65(d), as follows:

1.    That the plaintiffs have made the necessary showing that they will suffer immediate and irreparable harm in the event that the liens held by Westmount Financial Limited Partnership on the properties known as 38 Omena Place, Fitchburg, 10-12 Martel Street, Fitchburg, 136 Brookside Road, Orange, and 537-539 School Street, Athol, Massachusetts are not dissolved forthwith;

2.    That after the dissolution of the aforesaid liens, Westmount Financial Limited Partnership will remain fully secured for any debt which it can prove it is owed by the plaintiffs; and

3.    That a balance of the equities requires that Westmount Financial Limited Partnership be, and it hereby is, ORDERED, to provide partial releases of its security interest in those properties known as 38 Omena Place, Fitchburg, 10-12 Martel Street, Fitchburg, 136 Brookside Road, Orange, and 537-539 School Street, Athol, Massachusetts without further delay and without receiving any monies from the closings of the sale of those properties.

_____

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| **BBC EQUITIES, INC. and** | ) | |
| **DOUGLAS K. RAU,** | ) | |
| **Plaintiffs,** | ) | |
|  | ) | |
| **v.** | ) | **C.A. NO. 05CV-40156-FDS** |
|  | ) | |
| **WESTMOUNT FINANCIAL LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
| **Defendant,** | ) | |
| _____ | ) | |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## AND TO ESTABLISH DATE FOR SCHEDULING CONFERENCE

Now come the plaintiffs in the above cause and, pursuant to Fed. R. Civ. P. 34, move that defendant be ordered to produce the documents set forth in the plaintiffs' requests for production of documents served upon the defendant Westmount Financial Limited Partnership pursuant to Mass. R. Civ. P. 34 on August 25, 2005 and, further, that a date be set for the scheduling conference for this matter at the court's earliest convenience.

As grounds therefor, the plaintiffs state that the defendant, without excuse or extension, has failed and refused to provide response to the requests served in compliance with the Rules which were applicable at the time of service. Moreover, on September 21, 2005 at a meeting of the parties and counsel, plaintiffs' counsel proposed that the conference mandated by Rule 26(f) be commenced. Defendant refused to participate in such a conference at that time, asserting that such conference was premature since the defendant had not yet filed its answer and counterclaim. The answer has since been filed without counterclaim so all matters have been joined and there is no further cause for delay. Indeed, as is clear from the record already

established in this matter, any delay benefits the defendant and causes increasing prejudice to the plaintiffs.[1]

WHEREFORE, the plaintiffs seek an order compelling the defendant to produce the requested documents within ten days of the date thereof or such other time as this Honorable court may determine to be appropriate, and, further, seek the scheduling of the scheduling conference at the court's earliest convenience.

Respectfully submitted,
BBC EQUITIES, INC. and
DOUGLAS K. RAU,
By their attorneys,

_____
Dana E. Casher
Krulewich, Casher, P.C.
50 Staniford Street
Boston, MA  02114
(617) 367-1200
BBO # 551037

September 26, 2005

_____

[1] By way of example only, on the loans which the defendant claims that the plaintiffs owe, the per diem interest accrual is $999.33.  Additionally due to the disparity of resources between the plaintiffs and the defendant, justice will be entirely subsumed by economic reality without prompt relief for the plaintiffs.

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BBC EQUITIES, INC. and** ) | |
| **DOUGLAS K. RAU,** ) | |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | **C.A. NO. 05CV-40156-FDS** |
| ) | |
| **WESTMOUNT FINANCIAL LIMITED** ) | |
| **PARTNERSHIP,** ) | |
| Defendant, ) | |
| ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, Dana E. Casher, attorney for the plaintiffs in the above matter, hereby certify that on this 27th day of September, 2005, I served the defendant's counsel with the Motion to Compel Production of Documents and for Establishment of a Date for Scheduling Conference and with the Emergency Motion for Injunctive Relief along with the Memorandum and Affidavit in support thereof by facsimile transmission and by first class mail to their counsel of record.

_____
Dana E. Casher

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————— | ) | |
| **BBC EQUITIES, INC. and** | ) | |
| **DOUGLAS K. RAU,** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 05CV-40156-FDS** |
| | ) | |
| **WESTMOUNT FINANCIAL LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
| Defendant, | ) | |
| ———————————————— | ) | |

## CERTIFICATE OF SERVICE

I, Dana E. Casher, attorney for the plaintiffs in the above matter, hereby certify that on this 27th day of September, 2005, I served the defendant's counsel with the Motion to Compel Production of Documents and for Establishment of a Date for Scheduling Conference and with the Emergency Motion for Injunctive Relief along with the Memorandum and Affidavit in support thereof by facsimile transmission and by first class mail to their counsel of record.

_____
Dana E. Casher

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| **BBC EQUITIES, INC. and** | ) | |
| **DOUGLAS K. RAU,** | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 05CV-40156-FDS** |
| | ) | |
| **WESTMOUNT FINANCIAL LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
|     **Defendant,** | ) | |
| _____ | ) | |

## CERTIFICATION OF EFFORT TO RESOLVE

    I, Dana E. Casher, attorney for the plaintiffs, certify that I have made a good faith effort to resolve the issues raised in the Emergency Motion for Injunctive Relief and Motion to Compel Production of Documents and to Establish a Scheduling Conference by telephone and correspondence; however, we have been unsuccessful in those efforts.

_____
Dana E. Casher