UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBC EQUITIES, INC., and DOUGLAS K. RAU, <br>    Plaintiffs <br><br> V. <br><br> WESTMOUNT FINANCIAL LIMITED PARTNERSHIP, <br>    Defendant | DOCKET NO. 3:05-CV-40156-FDS |

## OPPOSITION TO EMERGENCY MOTION FOR INJUNCTIVE RELIEF

The defendant, Westmount Financial Limited Partnership ("Westmount"), opposes the plaintiffs' emergency motion for injunctive relief. Upon the record before the Court, plaintiffs have failed to demonstrate their likelihood of success on the merits or that they will suffer irreparable harm unless the demanded relief is granted on an emergency basis. The demanded injunction does not preserve the status quo until determination of pending claims on their merits, but instead seeks to effect final relief on the basis of an "emergency" motion alone.[1] Further, the plaintiffs are not entitled to equitable relief where they have undisputedly withheld promised payments under the terms of their loan agreement in breach of contract and are, therefore, barred from seeking equitable relief by their unclean hands.

As grounds for its opposition, Westmount states:

1. BBC Equities, Inc. ("BBC") borrowed $1,775,000 from Westmount upon agreed terms, through three loan agreements. The loans included $75,000 to fund architect services on

---

[1] Plaintiffs have failed to demonstrate the existence of an emergency. While plaintiffs have, for three weeks, been aware of the September 30, 2005, closing date of the sole property scheduled to close imminently, they failed to provide notice of same to Westmount until September 29, 2005, two days after informing Westmount of their intent to file the instant motion. Hence, the "emergency" claimed by plaintiffs is entirely of their own making. Moreover, plaintiffs have refused Westmount's offer to discharge its mortgage on that property with the understanding that sale proceeds be held in escrow.

the property at 14-34 Main Street, Gardner, Massachusetts, a loan of $1,500,000 to fund construction at the same property, and a loan of $200,000 to fund construction at the property at 325 Main Street, Fitchburg, Massachusetts. Douglas K. Rau ("Rau"), President of BBC, personally guaranteed payment of the loans. Because of the high-risk nature of the loans, the terms of the loans, which the plaintiffs admittedly accepted, included provision for the payment of interest beyond the statutory maximum in Massachusetts. Although the parties agreed that New Hampshire law would apply to their loan agreements, Westmount duly registered with the Massachusetts Attorneys General's Office as required to charge rates in excess of the statutory maximum, where mortgages were taken against real estate here to collateralize the loan.

2.  After defaulting under the terms of the three loan agreements, plaintiffs seek by their motion to deny Westmount the benefit of various mortgages which they granted in order to obtain and continue the loans.

3.  In demanding injunctive relief, plaintiffs not only seek to change the terms by which they chose to borrow from Westmount, but also to avoid the terms of the stipulation attached to their motion as Exhibit B.[2]

4.  The harm of which plaintiffs complain is the market risk they assumed through the terms of their loan agreements. Having received the benefit of the various loan proceeds and failed to repay their debts as promised, plaintiffs candidly seek to avoid repayment of the borrowed money and, instead, simply use proceeds from the impending sale of mortgaged properties "to advance BBC Equities and [Rau's] business objectives." Rau Affidavit, ¶ 11. There is neither proof nor suggestion of any irreparable harm which will follow if plaintiffs are not granted the right to cancel their mortgages and use sale proceeds in accordance with their discretionary interests.

---

[2] On August 17, 2005, plaintiffs obtained the relief now demanded from the Worcester Superior Court on an ex parte basis. They released the same by their stipulation dated August 17, 2005.

5. Discharge of the previously pledged mortgages as demanded will likely leave Westmount with insufficient collateral, upon sale, to ensure repayment of the present loan balance, even without the continuing accrual of charges and expenses. Plaintiffs offer no record evidence to the contrary and, indeed, the position which plaintiffs now take is inconsistent with a letter from Rau to Westmount's general partner, CIF, Inc., dated October 27, 2004, in which he admitted even as of that date when requesting Westmount's forbearance that "[e]ven if you just foreclose you are probably not going to be made whole because the added costs and short sale prices would take away from the bottom line."

WHEREFORE, the defendant, Westmount Financial Limited Partnership, demands that the plaintiffs' emergency motion for injunctive relief be denied, together with such further relief as is appropriate.

WESTMOUNT FINANCIAL LIMITED PARTNERSHIP
By its attorneys,

/s/ Kristin D. Thompson
Robert L. Hamer, Esq., BBO #218715
Kristin D. Thompson, Esq., BBO #656179
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Suite 1700
Worcester, MA 01608-1477
Phone: 508-791-8500 / Fax: 508-791-8502

### CERTIFICATE OF SERVICE

I, Kristin D. Thompson, hereby certify that I have this day served the foregoing document, via electronic filing, to **Dana E. Casher, Esq., Krulewich, Casher, P.C., 50 Staniford Street, Boston, MA 02114.**

Dated: October 3, 2005

/s/ Kristin D. Thompson
Kristin D. Thompson, Esq.