# KRULEWICH, CASHER, P.C.

ATTORNEYS AT LAW

50 Staniford Street · P.O. Box 8190 · Boston, Massachusetts 02114 · (617) 367-1200 · FAX: (617) 367-6736

October 10, 2005

U.S. District Court
Harold D. Donohue Federal Bldg & Cthse
Suite 502
595 Main Street
Worcester, MA 01608
Attn: Martin Castles, Clerk

Re: BBC Equities, Inc., et al
vs. Westmount Financial Limited Partnership
No. 3.05-CV-40156-FDS

Dear Mr. Castles:

I have filed herewith the Motion for Reconsideration of Denial of Emergency Motion for Injunctive Relief relative to the above matter, with an Affidavit of Counsel in support thereof. I would be happy to make myself available immediately, should the Court wish to hear argument on the matter, although I have not had the chance to confer with opposing counsel on that issue.

We would appreciate prompt attention to this matter, as it remains quite time sensitive.

Thank you.

Very truly yours,

Dana E. Casher

DEC/te
Enclosures
cc: Kristin D. Thompson, Esq.

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

———————————————— )
BBC EQUITIES, INC. and ) 
DOUGLAS K. RAU, )
    Plaintiffs, )
     )
v. )     **C.A. NO. 05CV-40156-FDS**
     )
WESTMOUNT FINANCIAL LIMITED )
PARTNERSHIP, )
    Defendant, )
———————————————— )

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR PRELIMINARY INJUNCTION

The plaintiffs, BBC Equities, Inc. and Douglas K. Rau, hereby move this Honorable Court for reconsideration of its denial of the Emergency Motion for Injunctive Relief entered on October 4, 2005 (hereafter the "Order") and ask that after reconsideration, the Court grant the Preliminary Injunction sought thereunder.  As grounds therefor, the plaintiffs state:

## RELEVANT FACTS

1.    In entering the Order, the Court accepted the statement of counsel in open court that Westmount Financial Limited Partnership, the Nevada limited partnership which is the defendant in this action, had been merged with Westmount Financial Limited Partnership, the Florida limited partnership which had been registered as a foreign limited partnership with the Secretary of the Commonwealth of Massachusetts and with the Office of the Attorney General of the Commonwealth of Massachusetts in compliance with G.L. c. 109 §49 and c. 271 §49.

2.    The written opposition submitted to the Court and served upon counsel contained no statement of "merger."

3.    From the reasons articulated by the Court for entry of the Order, it is clear that the Court determined the transactions underlying the plaintiffs' claims in this matter to be lawful, based upon the representations of defendant's counsel that the defendant had complied with G.L. c. 109 §49 and c. 271 §49.

4.    The outstanding loans reflect the lender as "Westmount Financial Limited Partnership, a Nevada limited partnership with an address of 14648 n. Scottsdale Road, Suite 325, Scottsdale, AZ 85254-2739." (refer to face pages annexed hereto as Exhibit A)

5.    The dates of the outstanding loans between the parties are February 25, 2003,[2] and July 1, 2003.

6.    As demonstrated by the records from the Office of the Attorney General which were submitted to this Court as an exhibit to the Affidavit of Michael Hart in opposition to the motion, none of the notices filed with that office identify which "Westmount Financial Limited Partnership" said notices apply to (see Exhibit B annexed hereto).

7.    The notice to the Office of the Attorney General dated February 1, 2002, the most recent notification in effect prior to the making of the outstanding loans to the plaintiffs reflect an

---

[2] (in which another loan made in April, 2002 relative to the same property was merged)

address of "4500 P.G.A. Boulevard, Suite 303B, Palm Beach Gardens, Fl 33418."[3]

8.    Reference to the public records pertaining to limited partnerships maintained by the Secretary of State's Office, prior to September 14, 2005, revealed one entity known as "Westmount Financial Limited Partnership" -- the Florida limited partnership having a primary address in Palm Beach Gardens, Florida (refer to Exhibits D and E annexed to the companion Affidavit of Counsel).

9.    On September 14, 2005, after the commencement of this action, the defendant first registered with the Secretary of State's Office as a foreign limited partnership (see Exhibit C), acknowledging, through the filing of a document entitled "Consent to Use of Entity Names:" its recognition of the separate identities of the Florida limited partnership and the Nevada limited partnership -- both operating under the same name. (see Exhibit E to the companion Affidavit of Counsel).

10.    Moreover, while defendant's counsel represented to the court that "after the loans were made to the plaintiffs, there had been a merger of the two entities," as demonstrated by the attached records from the secretaries of the states of Nevada and of Florida, that statement inaccurate.  (refer to companion Affidavit of Counsel).

---

[3] A notice had been filed with the attorney general's office May 17, 2001 which reflected an address of "6929 E. Greenway Parkway, Suite 190 Scottsdale, AZ 85254" along with the Florida address; however that is not the Scottsdale address noted on the outstanding loans and there is no disclosure of the Nevada entity as opposed to the Florida entity which was registered to conduct business in the commonwealth.

11.    The public records pertaining to the defendant's legal organization at the commencement of this litigation could not reflect filings made during the interim period.  As the defendant had failed to refer to any alleged merger in its opposing materials, the plaintiffs were not alerted to research the recent change in circumstances.

12.    There are many factors other than the corporate switches and usury which support the plaintiffs' likelihood of success on the merits of this action, including but not limited to:

A.    Several of the loans from the defendant to the plaintiffs were construction loans, on which, by the terms of the promissory notes memorializing them, interest should only have accrued on the outstanding principal balance (for examples, see Exhibit A annexed hereto).  Contrary to that, the defendant accrued interest on the full amount of each loan from the date the note was signed.  Not only did this exacerbate the true cost of the loan, but clearly was a deceptive trade practice.

B.    Two of the loans from the defendant to the plaintiffs were made at the request of the defendant for its benefit and only agreed to by the plaintiffs in reliance on misrepresentations by the defendant promising immediate, profitable re-sale of those properties.

C.    As set forth in the Verified Complaint, the defendant intentionally misled the plaintiffs as to the defendant's willingness to accept a certain sum in repayment of the plaintiffs' obligations to it, while the defendant knew that the plaintiffs had arranged alternative financing which was dependent upon that factor.

<u>LAW</u>

Where new evidence comes to light which was not or should not have been known prior

to the original presentation, reconsideration of an order is appropriate. See *In re Wedgestone Financial*, 152 B.R. 786 (D. Mass., 1993); Fed. R. Civ. P. 60(b)(2).

The complete text of G.L. c. 109 §49 and G.L. c. 271 §49 are annexed hereto as Exhibits C and D and incorporated herein by reference.

The Massachusetts courts have consistently strictly construed G.L. c. 271 §49, the criminal usury statute. The statute forbids the charging of "interest and expenses the aggregate of which exceeds an amount greater than twenty per centum per annum upon the sum loaned" in exchange for the loan of money. Paragraph (d) of the statute provides an exception for a person who notifies the attorney general of his intent to engage in such a transaction and dictates the required content of such notification. "To be relieved of liability under G.L. c. 271 §49(d), the requisite notification must be on file with the Attorney General when the loan proceeds are distributed." *Blunsden v. Marks*, 2001 WL 771184, fn. 3 (Garsh, J.) (2001), See *Levites v. Chipman*, 30 Mass. App. Ct. 356, 362 (1991); *Hakim Enterprises, Inc. v. R. Dennis Reinhardt*, 30 Mass. App. Ct. 911, (1991); *Albano v. City National Bank of Connecticut*, 11 Mass. App. Ct. 973 (1981). In *LBM Financial LLC v. Edgewater Investment Limited Partnership*, 2004, No. 01798 (Nickerson, J.), notice to the attorney general's office dated February 1, 2001 was too late to protect the lender's assignee from the consequences of the statute for a loan made on January 15, 2001, despite previous filings by the lender's assignor. And, in *Schwartz v. Levensailor*, 2002, No. 01-5830 (Troy, J.) the mailing of the requisite notice to the attorney general contemporaneously with the making of the loan was insufficient to trigger the statutory protection of Paragraph (d). (". . . this Court finds that 'notice' was not timely made in accordance with the statute and the Note is not immune from attack as 'usurious'.").

G.L. c. 271 §49 "is designed to protect the necessitous debtor from outrageous demands by lenders." *Begelfer v. Najarian*, 381 Mass. 177, 182 (1980). Contrary to the urging of

defense counsel in this matter, the statute was not designed merely to safeguard the accessibility of business records. Rather, as the legislative history shows, the statute was enacted at the recommendation of the governor "to provide an effective tool against organized crime and 'the vicious offense of loansharking.'" Message of the Governor, 1970 House Doc. No. 5439, at 3. *Beach Assocs. v. Fauser*, 9 Mass. App. Ct. 386 (1980) as cited in *Begelfer v. Najarian*, at 182. As recited in *Begelfer*, the court has broad equity powers to fashion relief for a victim of usurious lending. See also, *Beach Assocs. v. Fauser*, 9 Mass. App. Ct. 386 (1980). "The appropriate remedy in any particular case is arrived at by balancing a number of factors including the importance of the public policy against usury, whether a refusal to enforce the term will further that policy, the gravity of the misconduct involved, the materiality of the provision to the rest of the contract and the impact of the remedy on the parties' rights and duties. *Begelfer* at 189. It is within the discretion of the judge to void, rescind, refund, credit any excessive interest, reform the contract, or to provide any other relief consistent with equitable principles. *Beach*, at 393-394.

## ARGUMENT

The defendant's efforts to obscure its identity both in the public records of the Commonwealth with the Secretary of State and the Attorney General and in this Court do not cannot be rewarded. The criminal usury statute requires timely notice of the lender's "name and accurate address." At the time of the loans at issue in this action, the notice on file with the attorney general's office <u>did not</u> accurately disclose the lender's name but would, misleadingly, have led an inquirer to the Florida limited partnership -- not the defendant in this action. Moreover, the Florida address recorded with the Attorney General was not and is not the correct

address for the Nevada entity which is the defendant in this action.  Strict construction of the

statutory language allows for no other conclusion than that the defendant failed to comply with

G.L. c. 271 §49 and is, therefore, not entitled to any protections thereunder.  As is clear from

the case law, the statute was designed to protect the public, not the interests of lenders engaged

in a corporate shell game, clearly for their own benefit.


     That said, the plaintiffs have not sought, at this early stage of these proceedings, a ruling

that the obligations of the parties to this action to one another should be entirely voided

(although they reserve the right to do so).  Rather, the plaintiffs have asked this Court only to

grant such relief as is necessary to permit the plaintiffs to survive the action and which does not

encroach on the security position of the defendant.  As the original mortgage securing the

outstanding liens demonstrates (copy attached as Exhibit E), at the time that the loans in question

were made (February and July, 2003), the defendant demanded, and received, security interests

in the properties for which the loans were made, plus, on the large February loan, five

additional properties.  In June, 2004, in exchange for subordination agreements on three of those

five properties (not discharges, so those interests continued in effect, although admittedly of

lesser value), the defendant demanded additional security on thirteen other properties (see

Exhibit E to Verified Complaint).  As the plaintiffs felt that they had no choice but to accede

to the demands of the defendant at that time, the Blanket Mortgage Deeds encumbering the

additional thirteen properties were executed.  Thus, as of the summer of 2004, the defendant

held twenty properties as collateral for the two outstanding loans.  Since that time, a number of

the properties have been sold.  However, the defendant has also received payments in excess of

half a million dollars toward the two outstanding loans.  As of this date, the defendant is secured

for the outstanding loans on fourteen properties, including the two on which the loans were

made. The relief sought by the plaintiffs will leave the defendant secured on the primary

properties plus eight others -- greater security than was originally required to make the loans,

on which any amount owing has already been substantially reduced.


**CONCLUSION**


So, it is clear from the public records -- admissible evidence -- that the defendant failed

to comply with G.L. c. 271 §49(d) so as to avoid the consequences of that criminal statute. It

is also established through the public record that prior to the filing of this action, the defendant

had failed to comply with G.L. c. 109 §49 to qualify to conduct business in the commonwealth.

And, contrary to the urgings of defendant's counsel, the relief sought is not dispositive of the

action, but merely restores some parity to their relationship by bringing them closer to the

positions they held at the commencement of the transactions underlying this action. A result

which falls squarely within this Court's discretion.


WHEREFORE, as the Court's denial of the Emergency Motion for Injunctive Relief was

based upon a misapprehension of the facts, the plaintiffs ask that the Court reconsider that denial

and to allow the relief sought as set forth in the proposed Preliminary Injunction on file with the

Court or such other form as this Court may deem just and proper under the circumstances.

BBC EQUITIES, INC. and
DOUGLAS RAU,
By their Attorneys,

_____
Dana E. Casher
Krulewich, Casher, P.C.
50 Staniford Street
Boston, MA  02114
(617) 367-1200
BBO #551037

Dated:  October 10, 2005

# EXHIBIT  A

COPY

## PROMISSORY NOTE

$232,558.14
Twelve Months

June 30, 2003
Manchester, New Hampshire

FOR VALUE RECEIVED, **BBC EQUITIES, INC.**, a Massachusetts corporation with an address of 14 Main Street, Gardner, Massachusetts 01440 (hereinafter referred to as the "Undersigned"), promises to pay to the order of **WESTMOUNT FINANCIAL LIMITED PARTNERSHIP**, a Nevada limited partnership with an address of 14648 n. Scottsdale Road, Suite 325, Scottsdale, AZ 85254-2739 (the "Lender"), its endorsees, successors and assigns, at such address or at such other address as may be designated hereafter by any Holder hereof, the principal sum of TWO HUNDRED THIRTY TWO THOUSAND FIVE HUNDRED FIFTY EIGHT AND 14/100 DOLLARS ($232,558.14), together with interest as provided for below, in lawful money of the United States of America.

Principal and interest shall be payable as follows:

(1)   On August 1, 2003, and on the corresponding day of the next succeeding ten (10) months during the term hereof, the Undersigned shall make a payment of accrued interest only calculated in accordance with the terms of this Note on the outstanding principal balance; and *[handwritten]*

(2)   Notwithstanding anything herein to the contrary, on June 30, 2004 ("Maturity Date"), the Undersigned shall make a final payment to the Holder of the entire then outstanding principal balance hereof, together with all accrued and unpaid interest and any costs and fees payable hereunder.

The Holder shall <u>not</u> render to the Undersigned a statement of account with respect thereto on a monthly basis. Interest shall be calculated and charged daily on the basis of a 360 day banking year on the unpaid principal balance outstanding from time to time. **Prior to maturity, unless upon demand, acceleration or other default, the interest rate applicable to this Note shall be equal to eighteen percent (18.0%) per annum (the "Interest Rate")**. The Undersigned has elected to roll the Lender's origination fee of $32,558.14 into the principal balance of the Loan and such fee is considered earned at the time of the execution of the Note.

## PROMISSORY NOTE

$1,744,186.05                                        February 25, 2003
Eighteen Months                              Manchester, New Hampshire

    FOR VALUE RECEIVED, BBC Equities, Inc., a Massachusetts corporation with an address of 14 Main Street, Gardner, Massachusetts 01440 (hereinafter referred to as the "Undersigned"), promises to pay to the order of WESTMOUNT FINANCIAL LIMITED PARTNERSHIP, a Nevada limited partnership with an address of 14648 n. Scottsdale Road, Suite 325, Scottsdale, AZ 85254-2739 (the "Lender"), its endorsees, successors and assigns, at such address or at such other address as may be designated hereafter by any Holder hereof, the principal sum of ONE MILLION SEVEN HUNDRED FORTY FOUR THOUSAND ONE HUNDRED EIGHTY SIX AND 05/100 DOLLARS ($1,744,186.05), together with interest as provided for below, in lawful money of the United States of America.

    Principal and interest shall be payable as follows:

    (1)    On April 1, 2003, and on the corresponding day of the next succeeding sixteen (16) months during the term hereof, the Undersigned shall make a payment of accrued interest only calculated in accordance with the terms of this Note on the outstanding principal balance; and

    (2)    Notwithstanding anything herein to the contrary, on August 25, 2004 ("Maturity Date"), the Undersigned shall make a final payment to the Holder of the entire then outstanding principal balance hereof, together with all accrued and unpaid interest and any costs and fees payable hereunder.

    The Holder shall <u>not</u> render to the Undersigned a statement of account with respect thereto on a monthly basis. Interest shall be calculated and charged daily on the basis of a 360 day banking year on the unpaid principal balance outstanding from time to time. **Prior to maturity, unless upon demand, acceleration or other default, the interest rate applicable to this Note shall be equal to eighteen percent (18.0%) per annum (the "Interest Rate").** The Undersigned has elected to roll the Lender's origination fee of $244,186.05 into the principal balance of the Loan and such fee is considered earned at the time of the execution of the Note. Payments of interest only shall be due monthly computed at

# EXHIBIT B

# Law Offices of Jack Bryan Little, P.C.

401 Andover Street
North Andover, MA 01845
(978) 682-9985    FAX (978) 682-9935

February 1, 2002

Office of the Attorney General
Usury & Criminal Division
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

RE:    WESTMOUNT FINANCIAL LIMITED PARTNERSHIP
Notification of intent to engage in loan transactions pursuant to M.G.L. c. 271 s. 49

Dear Sir/Madam:

This office represents Westmount Financial Limited Partnership in connection with certain high interest loan transactions.

Please accept this correspondence as notification pursuant to M.G.L. c. 271, s. 49 that Westmount Financial Limited Partnership intends to enter into high interest loan transactions.

The following information is provided pursuant to the said statute:

Name of Lender:    Westmount Financial Limited Partnership
Address of Lender:    4500 P.G.A. Boulevard
                      Suite 303B
                      Palm Beach Gardens, Florida 33418

Records of all such transactions shall be maintained at the above address.

Please feel free to contact me if I can be of any assistance to you in this regard.

Sincerely,

Jack Bryan Little

# EXHIBIT C

ety, refrigerators, see Alperin
e, 36 Massachusetts Practice

circulars and all contracts to be entered into with prospective students a
statement that disabled veterans who qualify for appointment must be given
preference for appointment over veterans and non-veterans and that veterans
must be given preference over non-veterans.  Whoever violates the provisions
of this section shall be punished by a fine of not less than fifty nor more than
five hundred dollars.

Added by St.1962, c. 91.

**for installation; notices**

cted of an illegal gaming
iting of the head of both
uch telephone would be
ction of the state police,
approval for a period of
from which it has been
e has been a conviction.
:elephone companies of
s doing business in the
ection of the state police

§ 5, approved Sept. 17, 1973,
ion'' for ''bureau'' where ap-
st and second sentences.

ce in aid of illegal gambling

involved in prosecutions for
bookmaking. 53 ALR4th 801.

**ses**

Gambling § 148.

**nt**

for civil service exami-
its advertisements and

**Historical and Statutory Notes**

St.1962, c. 91, was approved Feb. 9, 1962.

**Library References**

Schools ⬚4.
WESTLAW Topic No. 345.
C.J.S. Schools and School Districts § 6.

## § 49.  Criminal usury

(a) Whoever in exchange for either a loan of money or other property
knowingly contracts for, charges, takes or receives, directly or indirectly,
interest and expenses the aggregate of which exceeds an amount greater than
twenty per centum per annum upon the sum loaned or the equivalent rate for a
longer or shorter period, shall be guilty of criminal usury and shall be punished
by imprisonment in the state prison for not more than ten years or by a fine of
not more than ten thousand dollars, or by both such fine and imprisonment.
For the purposes of this section the amount to be paid upon any loan for
interest or expenses shall include all sums paid or to be paid by or on behalf of
the borrower for interest, brokerage, recording fees, commissions, services,
extension of loan, forbearance to enforce payment, and all other sums charged
against or paid or to be paid by the borrower for making or securing directly or
indirectly the loan, and shall include all such sums when paid by or on behalf
of or charged against the borrower for or on account of making or securing the
loan, directly or indirectly, to or by any person, other than the lender, if such
payment or charge was known to the lender at the time of making the loan, or
might have been ascertained by reasonable inquiry.

(b) Whoever, with knowledge of the contents thereof, possesses any writing,
paper, instrument or article used to record a transaction proscribed under the
provisions of paragraph (a) shall be punished by imprisonment in a jail or
house of correction for not more than two and one half years, or by a fine of
not more than five thousand dollars, or by both such fine and imprisonment.

(c) Any loan at a rate of interest proscribed under the provisions of para-
graph (a) may be declared void by the supreme judicial or superior court in
equity upon petition by the person to whom the loan was made.

(d) The provisions of paragraph (a) to (c), inclusive, shall not apply to any
person who notifies the attorney general of his intent to engage in a transaction
or transactions which, but for the provisions of this paragraph, would be
proscribed under the provisions of paragraph (a) providing any such person

## 271 § 49                   CRIMES AND PUNISHMENTS

maintains records of any such transaction.  Such notification shall be valid for a two year period and shall contain the person's name and accurate address. No lender shall publicly advertise the fact of such notification nor use the fact of such notification to solicit business, except that such notification may be revealed to an individual upon his inquiry.  Illegal use of such notification shall be punished by a fine of one thousand dollars.  Such records shall contain the name and address of the borrower, the amount borrowed, the interest and expenses to be paid by the borrower, the date the loan is made and the date or dates on which any payment is due.  Any such records shall be made available to the attorney general for the purposes of inspection upon his request.  Such records and their contents shall be confidential but may be used by the attorney general, or any district attorney with the approval of the attorney general, for the purposes of conducting any criminal proceeding to which such records or their contents are relevant.

(e) The provisions of this section shall not apply to any loan the rate of interest for which is regulated under any other provision of general or special law or regulations promulgated thereunder or to any lender subject to control, regulation or examination by any state or federal regulatory agency.

Added by St.1970, c. 826.  Amended by St.1971, c. 368.

### Historical and Statutory Notes

St.1970, c. 826, was approved Aug. 27, 1970.

St.1971, c. 368, approved June 3, 1971, in par. (e), substituted "lender" for "corporation", and inserted "regulatory".

### Cross References

Assignment of wages, statement of interest rate, see c. 154, § 3.
Banks and banking, generally, see c. 167, § 1 et seq.
Consumer credit cost disclosure, see c. 140D, § 1 et seq.
Interest on judgments, see c. 235, § 8.
Loans,
    Banking companies, see c. 172A, § 9.
    Co-operative banks, see c. 167E, § 2 et seq.
    Credit unions, see c. 171, § 6.
    Savings banks, see c. 168, § 34 et seq.
    Trust companies, see c. 172, § 18.
Rate of interest,
    Generally, see c. 107, § 3.
    Loans less than $1000, see c. 140, § 90.
    Pawnbrokers, see c. 140, §§ 72, 78.
    Small loans, see c. 140, § 100.
Rates of finance charges,
    Retail installment sales and services, see c. 255D, § 11.
    Retail instalment sales of motor vehicles, see c. 255B, § 14.
Tender of payment, effect upon liability for interest, see c. 106, § 3–604.

### American Law Reports

Quantum, degree, or weight of evidence to sustain usury charge. 51 ALR2d 1087.
Usury: expenses or charges in form of commissions to agents, brokers, or like intermediaries incident to loan of money. 52 ALR2d 703.
Right, in absence of statute expressly so providing, to recover back usurious payments. 59 ALR2d 522.
Usury: charging borrower for or with expense or trouble of procuring money loaned. 91 ALR2d 1389.

---

## CRIMES AGAINST

Usury: liability for the s
    loan transaction. 4
Usury: effect of borrowe
    lender. 31 ALR3d
Reformation of usurious
Usury in connection with

Usury; low rate ceilin
(1976) 56 B.U.L.Rev. 451

Usury ⟷149, 150.
WESTLAW Topic No. 3
C.J.S. Consumer Credi

**Comments.**
    Installment contrac
    subject to regula
    Chase, 35 Massac

**Forms.**
    Bills and notes, us
    Massachusetts Pra
    Counterclaims, see
    chusetts Practice §
    Usury, see Rodma
    Practice § 2119.

See WESTLAW Electro

Construction and applica
Discretion of judge, reme
Notification of Attorney (
Purpose of law   2
Registration and record
  3
Remedies   5, 6
    In general   5
    Discretion of judge

---

**1. Construction and ap**

    Default provisions are
ambit of this section, ev
avoid them by dischargir
ner.  In re Rolfe, Bkrtcy
89, affirmed 710 F.2d 1.

**2. Purpose of law**

    This section is designec
debtor from outrageous
Begelfer v. Najarian (198
Mass. 177.

EXHIBIT  D

**REGULATION OF TRADE**

### Library References

Partnership ⬡349–376.
WESTLAW Topic No. 289.
C.J.S. Partnership §§ 449–469, 471, 474–476, 480–482, 485–489.

59A Am Jur 2d, Partnership § 1248.

14 Am Jur Legal Forms 2d, Partnership § 194:1248.

**Texts and Treatises**

18 Mass Jur, Business Relationships § 19:55.

### WESTLAW Electronic Research

See WESTLAW Electronic Research Guide following the Preface.

## § 49.  Registration

A foreign limited partnership shall be considered to be doing business in the commonwealth for the purposes of this section if it would be considered to be doing business in the commonwealth for the purposes of chapter one hundred and eighty-one if it were a foreign corporation.  Every foreign limited partnership doing business in the commonwealth shall submit to the secretary of state, within ten days after it commences doing business in the commonwealth, an application for registration as a foreign limited partnership, which shall be signed and sworn to by the general partner.  The application shall be in such form as the secretary of state shall require, and shall be accompanied by a certificate of legal existence of the foreign limited partnership, issued by an officer or agency properly authorized in the jurisdiction in which the foreign limited partnership is organized, or such other evidence of legal existence as the secretary of state shall approve.  If the certificate or such evidence is in a foreign language, a translation thereof, under oath of the translator, shall be attached thereto.

The application for registration shall set forth the following information:—

(1) the name of the foreign limited partnership and, if different, the name under which it proposes to do business in the commonwealth;

(2) the jurisdiction where such partnership was organized and the date of its organization;

(3) the general character of the business it proposes to do in the commonwealth;

(4) the business address of its principal office;

(5) the names, business addresses and residence addresses of its general partners;

(6) the business address of its principal office in the commonwealth, if any;

(7) the name and business address of its resident agent; and

(8) the address of the office at which is kept a list of the names and addresses of the limited partners and their capital contributions, together with an undertaking by the foreign limited partnership to keep those records until the foreign limited partnership's registration in the commonwealth is cancelled.

**109 § 50**

# LIMITED PARTNERSHIP

If the foreign limited partnership's certificate of partnership from its jurisdiction of organization sets forth any part of the information required to be set forth in the application for registration in the commonwealth, the foreign limited partnership may submit a certified copy of such certificate, with a sworn translation, if necessary, in lieu of such part of the application for registration.

Added by St.1982, c. 202, § 1. Amended by St.1988, c. 286, § 22.

## Historical and Statutory Notes

St.1988, c. 286, § 22, approved Nov. 15, 1988, and by § 23 made effective March 1, 1989, in the second paragraph, added cl. (8).

**Prior Laws:**
 G.L. c. 109, § 32, as added by St.1979, c. 313, § 1.

**Uniform Law:**
 This section is similar to § 902 of the Revised Uniform Limited Partnership Act. See 6 Uniform Laws Annotated, Master Edition.

## American Law Reports

Validity and effect of stipulation in contract to effect that it shall be governed by law of particular state which is neither place where contract is made nor place where it is to be performed. 16 ALR4th 967.

## Library References

Partnership ⚖349–376.
WESTLAW Topic No. 289.
C.J.S. Partnership §§ 449–469, 471, 474–476, 480–482, 485–489.

59A Am Jur 2d, Partnership § 1248.

14 Am Jur Legal Forms 2d, Partnership § 194:1248.

**Texts and Treatises**
 18 Mass Jur, Business Relationships § 19:56.

## Notes of Decisions

Compelling registration  2
Right to sue  1

_____

### 1. Right to sue

Partners of Delaware limited partnership could not maintain derivative action for benefit of partnership, where partnership would have been barred from maintaining action because of its failure to register as foreign limited partnership. Smyth v. Marshall Field, Fifth (1996) 666

N.E.2d 1008, 40 Mass.App.Ct. 625, review denied 672 N.E.2d 539, 423 Mass. 1111.

### 2. Compelling registration

Motion judge properly declined to enter order compelling former general partner of Delaware limited partnership to register partnership in Massachusetts until partners first addressed question of partnership's termination in proper forum, the Delaware courts. Smyth v. Marshall Field, Fifth (1996) 666 N.E.2d 1008, 40 Mass. App.Ct. 625, review denied 672 N.E.2d 539, 423 Mass. 1111.

# § 50.  Approval of registration; fee; records

The secretary of state shall examine and endorse his approval on the application for registration if the business of the foreign limited partnership is not prohibited by law to a limited partnership formed under this chapter and if the secretary of state determines that the application complies with this section. Upon such approval and payment of the required fee, the application shall be deemed to be filed with the secretary of state and the foreign limited partnership shall be deemed to be registered to do business in the commonwealth.

181

# EXHIBIT E

BK 2 9343 PG 386

**70554**

LAW OFFICES OF
JOHN L. ALLEN & ASSOCIATES, P.C.
127 LOWELL STREET
MANCHESTER NH 03101-1841

## CROSS DEFAULT AND CROSS COLLATERAL AGREEMENT
(Worcester South County Property)

Agreement made this 21ˢᵗ day of February, 2003, by and among

Douglas Rau, with an address of 14 Main Street, Gardner, MA,

01440, (hereinafter referred to as "Rau"), BBC Equities, Inc., a

Massachusetts corporation with an address of 14 Main Street,

Gardner, MA 01440 ("BBC") and Westmount Financial Limited

Partnership 14648 N. Scottsdale Road, Suite 325 Scottsdale, AZ

85254-2739 (hereinafter referred to as the "Lender").


WHEREAS, the Lender has this day entered into a loan

arrangement with BBC, whereby BBC has agreed to borrow from the

Lender the sum of One Million Seven Hundred Forty Four Thousand

One Hundred Eighty Six and 05/100 Dollars ($1,744,186.05) for

construction and renovation (hereinafter referred to as the

"Loan") to be secured by certain collateral, including, without

limitation, a Mortgage of the premises known as and numbered 14-34

Main Street, Gardner, MA;

WHEREAS, as a condition of the Loan, the Lender requires that

Rau is guarantor of the Loan from the Lender to BBC pursuant to a

certain guarantee agreement of even date to the Lender;

WHEREAS, the Lender requires as a condition of the Loan that

BBC and Rau provide it with this Agreement.

NOW, THEREFORE, in consideration of the Loan and in addition

to, and not in limitation of, any other of their respective

agreements with, or undertakings to Lender, Rau and BBC

respectively, hereby agree as follows:

1.    That any default by any of the undersigned of any of

BK2934PG389

their obligations, agreements and undertakings whatsoever, however arising or whenever arising, to the Lender under any obligation owed Lender or covenant or agreement made by any of the undersigned to Lender under any note, mortgage, guarantee (including without limitation the filing by any guarantor for protection under the United States Bankruptcy Code), or any breach under any other document which benefits Lender, shall, at the option of the Lender, be a default of any or all obligations, agreements and undertakings (whatsoever however arising or whenever arising) of the other parties to the Lender.

2.    The breach of any of the undersigned of any of their agreements contained herein shall be deemed a default of all their obligations under their respective notes, mortgages, guarantees, and any other document, instrument or agreement (however arising or whenever arising) between them and the Lender or from them to the Lender.

3.    In the event of any breach by the undersigned of any obligation, agreements or undertaking owed to Lender under their respective notes, mortgages, guarantees and any other document, instrument or agreement (however arising or whenever arising) between them and the Lender or from them to the Lender, any collateral, real property or personal property, given by any of the undersigned to secure any obligations, agreements or undertakings of the undersigned to the Lender shall also serve as collateral for any other obligation of any of the undersigned including without limitation full payment of all principal, interest and any other fees, attorney's fees or other costs. The

Lender may apply any proceeds from the disposition of any collateral of the undersigned to any obligation owed the Lender in any manner it deems appropriate in its sole discretion. The undersigned hereby waive all rights to marshalling of assets or any similar defense.

4. This Agreement is intended to take effect as a sealed instrument, shall inure to the benefit of the Lender and its successors and assigns, and shall be binding on each of the undersigned and their respective heirs, assigns, successors and legal representatives.

BBC and Rau warrant to the Lender that the situs of the loan with respect to all parties is the State of New Hampshire. Rau and BBC covenant and acknowledge that in the event of a dispute with the Lender, their sole and exclusive remedy will be sought within the federal and state courts sitting in New Hampshire. The law of the State of New Hampshire will be applied without reference to conflicts of law.

WITNESS our respective hands and seals this 25th day of February, 2003.

Witness _____

Witness _____

BBC Equities, Inc.
By: _____
Name: Douglas K. Rau
Title: President
Duly Authorized

_____
Douglas K. Rau

WESTMOUNT FINANCIAL LIMITED
PARTNERSHIP: by: CIF, Inc.
its general partner

By: _Michael J. Hart, V.P._
Name: Michael J. Hart
Title: Vice President

Witness _____

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 25th
day of February 2003, by Douglas K. Rau as his free act and deed.

_____
Notary Public/~~Justice of the Peace~~
My Commission Expires: 6/24/2003
Notary Seal:

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 25th
day of February, 2003 by Douglas K. Rau, duly authorized
President and Treasurer of the RBC Equities, Inc. as his free act
and deed on behalf of such corporation.

_____
Notary Public/~~Justice of the Peace~~
My Commission Expires:
Notary Seal: 6/24/2003

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this ____
day of February, 2003 by Michael J. Hart, Vice President, duly
authorized of CIF, Inc. a Nevada corporation, being the general
partner of Westmount Financial Limited Partnership, a Nevada
limited partnership, known to me or satisfactorily proven to be
the person whose names is subscribed to the within instrument and
acknowledged the execution of same to be for the purposes therein
contained.

_____
Notary Public/~~Justice of the Peace~~
My Commission Expires: 6/24/2003
Notary Seal:

BK29343PG392

Exhibit A

Premises Affected by this Agreement

### 120 Grant Street, Gardner, Massachusetts

A certain tract of land with buildings thereon located on the westerly side of Grant Street, at the junction of said Grant Street with Sherman Street, in said Gardner, bounded and described as follows, to wit:

Commencing at the northeast corner thereof at a street monument at the junction of said Grant with Sherman Street;
THENCE, Westerly by an included angle with the westerly line of said Grant Street 86° 30′ 84.43 feet by land now or formerly of the Central Oil & Gas Stove Co. to an iron pipe;
THENCE, Southerly by the said Gas Stove Co. land and at an included angle with the last described line of 92° 52′, 82.75 feet to a stake and stone;
THENCE, Easterly by the said Gas Stove Co. land to a monument in the westerly side of said Grant Street;
THENCE, northerly at an included angle of 90° 14′ with last described line and by the westerly line of said Sherman Street 87.55 feet to the place of beginning. 25187-271

### 31 Grant Street, Gardner, Massachusetts

The land at 31 Grant Street, Gardner, Worcester County, Massachusetts, with the buildings thereon, bound and described as follows:

Beginning at an iron pipe in the easterly line of said street, 68 feet northerly from an iron pipe in the northerly line of Jay Street Extension; thence easterly by land now or formerly of George Peabody, 90 feet to an iron pipe; thence northerly by said Peabody land, 60 feet to an iron pipe at land formerly of Emma R. Leathe; thence westerly by said land Leathe land, ninety feet to an iron pipe in the east line of said Grant Street; thence southerly by the east line of said street, 60 feet to the place of beginning. 24448-282

### 182 Pine Street, Gardner, Massachusetts

A certain parcel of land together with all buildings and structures now or hereafter standing or placed thereon situated on the easterly side of Pine Street in Gardner, Worcester County, Massachusetts, being commonly known as 182 Pine Street, bounded and described as follows:

BEGINNING at the southwesterly corner thereof at an iron pin in the easterly line of Pine Street at the northwesterly corner

BK29343PG393

of land of Donald J. Cormier et ux;

THENCE, North ½° West, by the easterly line of Pine Street, 74.1 feet to land of Robert R. Erickson et ux;

THENCE, South 89° 50' East, by said Erickson land, 139.43 feet to a point in line of land of David E. Bliss et ux;

THENCE, South 5° 41' East, by Bliss land and land of Clement A. Cormier et ux, 166.85 feet to a corner of land of Stephen Bonk;

THENCE, South 87° 10' West, by Bonk land, 16.5 feet to a corner of land of Stephen Bonk et ux;

THENCE, North 5° 41' West, by said Bonk land and land of aforementioned Donald J. Cormier et ux, 100 feet to a corner;

THENCE, South 87° 10' West, still by Cormier land, 128.4 feet to an iron pipe in the easterly line of Pine Street and the point of beginning.

Containing about 11,570 square feet.

Being shown on a Plan entitled, "Compiled Plan of Land Prepared for Alfred Espinosa, Gardner, MA, Scale: 1 inch=20 feet, March 11, 1981, Michael S. Szoc, R.L. Surveyor" recorded in the Worcester District Registry of Deeds in Plan Book 485, Plan 58.

Said premises subject to Rights of Ways as recited in a Deed recorded in Book 2886, Page 383, if still applicable.

28783-318

### 17-19 Greenwood Street, Gardner, Massachusetts

A certain tract of land, with the buildings thereon, containing 42.65 square rods, more or less, situated on the West Line of Greenwood Street, in said Gardner, bounded and described as follows, to wit:

BEGINNING at the northeast corner thereof at land formerly of Charles Hamilton and on the line of said Greenwood Street;
THENCE, South 5 ¾° West, by the line of said street 5 rods to a corner;
THENCE, North 86° 10' West, 7 rods, 21 links to land formerly of Asa T. Greenwood;
THENCE, Northerly by said Greenwood land 5 rods, 2 links to said Hamilton land;
THENCE, South 86° 10' East, by said Hamilton land 9 rods, 5 ½ links to the place of beginning.

25187-299

### 479 School Street, Athol, Massachusetts

A certain tract of land, with the buildings thereon, situate in

Athol, Worcester County, Massachusetts, situated at the corner of High and School Streets, bounded and described as follows:

Beginning at the northeasterly corner of said land, at the corner of High and School Streets;

Thence westerly by said School Street five (5) rods to a stake;

Thence southerly eight (8) rods to a stake;

Thence easterly five (5) rods to said High Street;

Thence northerly by said High Street to the place of beginning.

Subject to the restriction that no building be erected or maintained within twenty (20) feet of said Streets, if now in force.

13098-389

ATTEST: WORC. Anthony J. Vigliotti, Register

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBC EQUITIES, INC. and | ) |
| DOUGLAS K. RAU, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    C.A. NO. 05CV-40156-FDS |
| | ) |
| WESTMOUNT FINANCIAL LIMITED | ) |
| PARTNERSHIP, | ) |
| Defendant, | ) |
| | ) |

## AFFIDAVIT OF COUNSEL

Dana E. Casher, being duly sworn, hereby deposes and states:

1.    I am an attorney licensed to practice law before the courts of the Commowealth of Massachusetts.

2.    I make this affidavit on my own personal knowledge.

3.    I represent the plaintiffs in this matter.

4.    In open court at argument on the Plaintiffs' Emergency Motion for Injunctive Relief, defendant's counsel stated "after the loans were made to the plaintiffs there was a merger of the two limited partnerships."  That statement is incorrect.

5.    Annexed hereto as Exhibit A is a statement from the public records maintained by the Secretary of the State of Nevada showing the establishment of a limited partnership on December 28, 2000.

6.    Per telephone communication with a representative of the Nevada Secretary of State's Office there is no information in the public records that said limited partnership was a merger or had any relationship with a Florida limited partnership by the same name.

7.    Annexed hereto as Exhibit B is a statement from the public records maintained by the Secretary of the State of Florida showing that a limited partnership known as Westmount Financial Limited Partnership which had been organized in 1993 was extinguished by merger on effective December 31, 2000.

8.    This, the only merger of record related to these properties, occurred in 2000, long

before any of the transactions between the parties to this action. At the time of the loans, there was a Florida limited partnership and there was a Nevada limited partnership. Only the Florida limited partnership was registered to do business in Massachusetts.

9.    Per telephone communication with a representative of the Florida Secretary of State, there is no information in the public record to identify the entity with which the 1993 Florida limited partnership merged. It reflects only that it was merged with an out of state organization and therefor, as a matter of Florida law, had no legal existence thereafter in the State of Florida.

10.    Annexed hereto as Exhibit C is a statement from the public records maintained by the Secretary of the State of Florida showing that on April 2, 2001 a new limited partnership by the name of Westmount Financial Limited Partnership was organized in the State of Florida.

11.    Per telephone communication with a representative of the Florida Secretary of State, there is no information in the public record reflecting any relationship between this organization and the Nevada limited partnership.

12.    I obtained certified copies of the entire record maintained by the Secretary of the Commonwealth of Massachusetts with regard to all entities operating under the name of Westmount Financial Limited Partnership. A copy of those complete records are annexed hereto.

13.    There are two separate and distinct entities operating under the name of "Westmount Financial Limited Partnership." One, a Florida limited partnership had registered with the Commonwealth in 1994 (see Exhibit D annexed hereto).

14.    Between June 21, 1994 and September 14, 2005 there were no filings relative to Westmount Financial Limited Partnership with the Secretary of State.

15.    On September 14, 2005 Westmount Financial Limited Partnership, a Nevada limited partnership first registered to do business in the Commonwealth. Included with that registration was the consent by the Florida limited partnership to use the name (refer to Exhibit E annexed hereto).

Signed this 7th day of October, 2005 under the penalties of perjury.

_____
Dana E. Casher

# EXHIBIT A



Online Services | Fee Schedule | Login

# Corporation Actions for "WESTMOUNT FINANCIAL LIMITED PARTNERSHIP"

**Sort by** File Date        ◉ descending  ○ ascending **order**  [ Re-Sort ]

1 - 2 of 2 actions

| Actions\Amendments | | | |
|---|---|---|---|
| Action Type: | **Annual List** | | |
| Document Number: | **LP4019-2000-002** | # of Pages: | **1** |
| File Date: | **01/02/2005** | Effective Date: | |
| List of Officers for 2004 to 2005 | | | |
| Action Type: | **Certificate of Limited Partnership** | | |
| Document Number: | **LP4019-2000-001** | # of Pages: | **1** |
| File Date: | **12/28/2000** | Effective Date: | |
| (No Notes for this action) | | | |

### Return to Corporation Details for "WESTMOUNT FINANCIAL LIMITED PARTNERSHIP"

[ New Search ]



You are currently not logged in

Copyright © 1996-2005

# WESTMOUNT FINANCIAL LIMITED PARTNERSHIP

## Corporation Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 12/28/2000 |
| Type: | NRS88 - Domestic Limited Partnership | Corp Number: | LP4019-2000 |
| Qualifying State: | NV | List of Officers Due: | 12/31/2005 |
| Managed By: | | Expiration Date: | 12/31/2025 |
| Foreign Name: | | On Admin Hold: | False |

## Resident Agent Information

| | | | |
|---|---|---|---|
| Name: | AVANSINO MELARKEY KNOBEL & MULLIGAN | Address 1: | 165 W LIBERTY ST |
| Address 2: | #210 | City: | RENO |
| State: | NV | Zip: | 89501 |
| Phone: | | Fax: | |
| Email: | | Mailing Address 1: | |
| Mailing Address 2: | | Mailing City: | |
| Mailing State: | | Mailing Zip: | |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers                                    ☐ Include Inactive Officers

**General Partner - CIF, INC.**

| | | | |
|---|---|---|---|
| Address 1: | 14648 N SCOTTSDALE RD | Address 2: | MICHAEL J HART VP |
| City: | SCOTTSDALE | State: | AZ |
| Zip: | 85254 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Certificate of Limited Partnership | | |
| Document Number: | LP4019-2000-001 | # of Pages: | 1 |
| File Date: | 12/28/2000 | Effective Date: | |

**(No Notes for this action)**

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | LP4019-2000-002 | # of Pages: | 1 |
| File Date: | 01/02/2005 | Effective Date: | |

**List of Officers for 2004 to 2005**

# EXHIBIT  B

Florida Department of State, Division of Corporations

Corporations Online

www.sunbiz.org

## Public Inquiry

## Florida Limited Partnership

## WESTMOUNT FINANCIAL LIMITED PARTNERSHIP

### PRINCIPAL ADDRESS
4500 PGA BOULEVARD, SUITE 303-B
PALM BEACH GARDENS FL 33418

### MAILING ADDRESS
4500 PGA BOULEVARD, SUITE 303-B
PALM BEACH GARDENS FL 33418

| Document Number | FEI Number | Date Filed |
|---|---|---|
| A93000001291 | 650451885 | 12/03/1993 |

| State | Status | Effective Date |
|---|---|---|
| FL | INACTIVE | NONE |

| Last Event | Event Date Filed | Event Effective Date |
|---|---|---|
| MERGED | 12/21/2000 | 12/31/2000 |

**Actual Contribution**
10,916,788.00

## Registered Agent

| Name & Address |
|---|
| CIF, INC.<br>4500 PGA BLVD., SUITE 303-B<br>PALM BEACH GARDENS FL 33418 |

## General Partner Detail

| Name & Address | Document Number |
|---|---|
| CIF, INC.<br>4500 PGA BLVD., SUITE 303-B<br>PALM BEACH GARDENS FL 33418 | S31531 |

# Annual Reports

| Report Year | Filed Date |
|---|---|
| 1998 | 10/14/1997 |
| 1999 | 04/13/1999 |
| 2000 | 04/28/2000 |

| Previous Filing | | Return to List | | Next Filing |
|---|---|---|---|---|

View Events
No Name History Information

# Document Images
Listed below are the images available for this filing.

12/21/2000 -- Merger
04/28/2000 -- ANN REP/UNIFORM BUS REP
04/13/1999 -- ANNUAL REPORT
10/14/1997 -- ANNUAL REPORT
09/16/1996 -- ANNUAL REPORT

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry                Corporations Help



Florida Department of State, Division of Corporations

Corporations Online

www.sunbiz.org                    **Public Inquiry**

# WESTMOUNT FINANCIAL LIMITED PARTNERSHIP

| Document Number | Date Filed | Effective Date | Status |
|---|---|---|---|
| A93000001291 | 12/03/1993 | None | Inactive |

```
EVENT TYPE          FILED      EFFECTIVE        DESCRIPTION
                    DATE       DATE
----------------------------------------------------------------------

MERGER              12/21/2000 12/31/2000  MERGING : A93000001291 MERGED INTO
                                           NON-QUALIFIED : WESTMOUNT FINANCIAL
                                           LIMITED PARTNERSHIP

CONTRIBUTION        09/16/1996
CHANGE
```

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

**Corporations Inquiry**                              **Corporations Help**

# EXHIBIT C



Florida Department of State, Division of Corporations

Corporations Online

www.sunbiz.org

**Public Inquiry**

## Florida Limited Partnership

### WESTMOUNT FINANCIAL LIMITED PARTNERSHIP

#### PRINCIPAL ADDRESS
4500 PGA BOULEVARD,
SUITE 303 B
PALM BEACH GARDENS FL 33418
Changed 01/04/2005

#### MAILING ADDRESS
4500 PGA BOULEVARD,
SUITE 303 B
PALM BEACH GARDENS FL 33418
Changed 01/04/2005

| Document Number | FEI Number | Date Filed |
|---|---|---|
| A01000000470 | 061608884 | 04/02/2001 |

| State | Status | Effective Date |
|---|---|---|
| FL | ACTIVE | NONE |

**Actual Contribution**
99.00

## Registered Agent

| Name & Address |
|---|
| GREENWOOD, MARK W<br>7767 NAPLES HERITAGE DRIVE<br>NAPLES FL 34112 |
| Name Changed: 03/18/2004 |
| Address Changed: 03/18/2004 |

## General Partner Detail

| Name & Address | Document Number |
|---|---|
| MONARCH TRUST<br>4500 PGA BLVD. SUITE 303-B | |

PALM BEACH GARDENS FL 33418                          G97196000159

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2003 | 03/07/2003 |
| 2004 | 03/18/2004 |
| 2005 | 01/04/2005 |

| Previous Filing |        | Return to List |        | Next Filing |

No Events
No Name History Information

## Document Images

Listed below are the images available for this filing.

01/04/2005 -- ANNUAL REPORT
03/18/2004 -- ANNUAL REPORT
03/07/2003 -- ANN REP/UNIFORM BUS REP
02/04/2002 -- ANN REP/UNIFORM BUS REP
04/02/2001 -- Domestic LP

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry                          Corporations Help

# EXHIBIT D



# FOREIGN LIMITED PARTNERSHIP CERTIFICATE
## Application for Registration

## WESTMOUNT FINANCIAL LIMITED PARTNERSHIP

1. **NAME:** The name of the limited partnership shall be "Westmount Financial Limited Partnership".

2. **STATE OF ORGANIZATION:** Florida

3. **DATE OF ORGANIZATION:** December 3, 1993

4. **BUSINESS:** The business of the limited partnership shall be the acquisition, ownership, management and sale of real estate.

5. **ADDRESS OF OFFICE:** The address of the limited partnership shall be 4500 PGA Boulevard, Suite 303B, Palm Beach Gardens, FL 33418.

   A list of the names and addresses of the limited partners and their capital contributions will be maintained at this office. Westmount Financial Limited Partnership will maintain such records until such time as this registration with the Commonwealth of Massachusetts is cancelled.

6. **ADDRESS OF AGENT:** The agent for service of process shall be Jack Little, Esq., 114A Union Wharf, Boston, MA  02109.

7. **NAME AND BUSINESS ADDRESS OF THE GENERAL PARTNERS:** The general partners of the limited partnership are:

   a.  C F, Inc.
       4500 PGA Boulevard, Suite 303 B
       Palm Beach Gardens, FL 33418



8.    <u>TERMINATION</u>:  The latest date on which the limited partnership shall terminate shall be Dec. 3, 2018.

Subscribed and sworn by me on this 27TH day of APR.L, 1994

C I F, INC.

_Katrina K. Niles_
Witness

John H. Halvorsen
Secretary
Duly Authorized

## AFFIDAVIT OF JOHN H. HALVORSEN

## CONSENT TO USE SIMILAR NAME

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

John H. Halvorsen, being first duly sworn, deposes and says:

1.    That he is the Secretary of <u>Westmount Financial Services, Inc.</u>, a corporation, hereafter referred to as the "Consenting Corporation", duly organized and existing under and by virtue of the laws of the State of Florida, with its principal office at 4500 PGA Boulevard, Suite 303B, City of Palm Beach Garden, County of Palm Beach, State of Florida, 33418, and in whose behalf he makes this affidavit.

2.    That John H. Halvorsen, as an officer of Westmount Financial Services, Inc., a Florida corporation, willingly consents and permits C I F, Inc., general partner of Westmount Financial Limited Partnership, to apply for and use the name "Westmount Financial Limited Partnership", recognizing this names' similarity to Westmount Financial Services, Inc.

3    That the Consenting Corporation consents to the use by C I F, Inc., general partner of Westmount Financial Limited Partnership, of the similar name "Westmount Financial Limited Partnership", to designate a limited partnership which they intend to register under the laws of the Commonwealth of Massachusetts.

4.    That the Consenting Corporation understands and agrees that the consent hereby granted may result in the creation of a limited partnership under the name, "Westmount Financial Limited Partnership", whereas such name might not be available to C I F, Inc., general partner of Westmount Financial Limited Partnership, under the laws of the Commonwealth of Massachusetts in the absence of this consent.

IN WITNESS WHEREOF, the Consenting Corporation has caused the above instrument to be executed on its behalf, pursuant to authority of its board of directors, by its Secretary and its corporate seal to be hereunto attached, attested by its Secretary, this _17TH_ day of ___JUNE___, 19_97_.

WESTMOUNT FINANCIAL
SERVICES, INC.

By:    John H Halvorsen
Its:    Secretary
        Duly Authorized

STATE: *NEW HAMPSHIRE*
COUNTY: *HILLSBOROUGH*

    On this *17th* day of _____*JUNE*_____, 19*99*, before me came John H. Halvorsen, to me known, who, being by me duly sworn, did depose and say that he is the <u>Secretary</u> of **Westmount Financial Services, Inc.**, the corporation described in and which executed the foregoing instrument as his free act and deed and that he signed his name thereto with like order in his capacity as <u>Secretary</u>.

                    *Katrina K. Niles*
                    Notary Public
                    My Commission Expires: *2.10.97*

                         KATRINA K. NILES, Notary Public
                   My Commission Expires February 10, 1997



# State of Florida

## Department of State

I certify from the records of this office that WESTMOUNT FINANCIAL LIMITED PARTNERSHIP is a limited partnership organized under the laws of the State of Florida, filed on December 3, 1993.

The document number of this limited partnership is A93000001291.

I further certify that said limited partnership has paid all fees due this office through December 31, 1994, and its status is active.

Given under my hand and the
Great Seal of the State of Florida,
at Tallahassee, the Capital, this the
Nineteenth   day of April, 1994

Jim Smith
Secretary of State

CR2EO22 (2-91)

3209

468661

PEE PAID
$30 00

Michael Joseph Connolly

A TRUE COPY ATTEST

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE 1/6/05  CLERK

QUALIFICATION                    Consent

WESTMOUNT FINANCIAL LIMITED PARTNERSHIP
Name of Limited Partnership
QUALIFICATION
Restated xxx Amendment:   Mass. General Laws, Chapter 109
Filed in the Office of the Secretary of State   June 21, 1994

# EXHIBIT E

## CERTIFICATE OF REGISTRATION FOR A FOREIGN LIMITED PARTNERSHIP

Pursuant to the provisions of the Massachusetts Foreign Limited Partnership Act, G.L. c. 109 s. 49 (the "Act"), the undersigned hereby certifies the following in connection with WESTMOUNT FINANCIAL LIMITED PARTNERSHIP (the "LP"):

1.    Westmount Financial Limited Partnership, a Nevada limited partnership, successor to Westmount Financial Limited Partnership, a Florida Partnership. The name proposed to do business in the Commonwealth of Massachusetts is WESTMOUNT FINANCIAL LIMITED PARTNERSHIP.

2.    The jurisdiction of the LP is the State of Nevada and was organized on December 28, 2000 (see attached Certificate of Existence with Status in Good Standing.

3.    The general nature of the business to be conducted with the Commonwealth is commercial real estate lending.

4.    The business address of its principal office is 14648 N. Scottsdale Road, Suite 325, Scottsdale, AZ 85254.

5.    The name of the general partner of the LP is CIF, Inc., a Nevada corporation with an address of 14648 N. Scottsdale Road, Suite 325, Scottsdale, AZ 85254 .

6.    The business address of its principal office in the Commonwealth is 77 Trapelo Road, Belmont, MA 02478.

7.    The name of the Registered Agent for the LP is Timothy Allen, with an address of 77 Trapelo Road, Belmont, MA 02478.

8.    The list of names and addresses of limited partners and their capital contributions will be maintained at the principal office address of 14648 N. Scottsdale Road, Suite 325, Scottsdale, AZ 85254 until the foreign limited partnerships registration in the Commonwealth of Massachusetts is cancelled.

IN WITNESS WHEREOF, the undersigned hereby affirms under the penalties of perjury
that the facts stated herein are true, this 23rd day of August, 2005.

WESTMOUNT FINANCIAL LIMITED
PARTNERSHIP
By: CIF, Inc., its general partner

By: _Michael Hart, V.P._
MICHAEL HART, VICE PRESIDENT

2



# SECRETARY OF STATE



STATE OF NEVADA

## CERTIFICATE OF EXISTENCE
## WITH STATUS IN GOOD STANDING

I, DEAN HELLER, the duly elected and qualified Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporation soles, limited-liability companies, limited partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, **WESTMOUNT FINANCIAL LIMITED PARTNERSHIP**, as a limited partnership duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since December 28, 2000, and is in good standing in this state.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on August 22, 2005.

DEAN HELLER
Secretary of State

By

Certification Clerk

September *14*, 2005

Secretary of the Commonwealth
One Ashburton Place, 17th Floor
Boston, Massachusetts 02108

    Re:  **Consent to Use of Entity Names:**
       **"WESTMOUNT FINANCIAL LIMITED PARTNERSHIP, A NEVADA
       LIMITED PARTNERSHIP"**

Dear Sir or Madam:

    The undersigned holder of the registered limited partnership
name "{Westmount Financial Limited Partnership, a Florida limited
partnership}", hereby consents to the use of such name by
Westmount Financial Limited Partnership, a Nevada limited
partnership.

                    Very truly yours,
                    WESTMOUNT FINANCIAL LIMITED
                    PARTNERSHIP, a Florida limited
                    partnership
                    By:CIF, Inc., a Florida
                    corporation, its general partner

                    By: _Michael Hart_
                    Name:MICHAEL HART
                    Title:VICE PRESIDENT

## THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:

September 14, 2005 10:57 AM

A TRUE COPY ATTEST

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE /6/6/05     CLERK

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

150968-1-0