UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBC EQUITIES, INC. and <br> DOUGLAS K. RAU, <br>       Plaintiffs, <br> <br> v. <br> <br> WESTMOUNT FINANCIAL LIMITED <br> PARTNERSHIP, <br>       Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 05CV-40156-FDS <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' REPLY TO COUNTERCLAIM

The Plaintiffs/Defendants-in-Counterclaim, BBC Equities, Inc. and Douglas K. Rau (hereafter collectively the "plaintiffs" and individually "BBC" and "Rau"), hereby reply to the allegations set forth in the Counterclaim as follows:

1.    The plaintiffs have insufficient knowledge or information to either admit or deny the allegations set forth in paragraph 1 of the Counterclaim and call upon the defendant to prove the same.

2.    The plaintiffs admit the allegations contained in paragraph 2 of the Counterclaim.

3.    The plaintiffs admit that Rau is an individual residing in Massachusetts and that at all times relevant hereto he was President and primary stockholder of BBC. All other allegations contained in paragraph 3 of the Counterclaim are denied.

4.    The plaintiffs admit that the plaintiffs are domiciled in Massachusetts and that, until mid-September, when the defendant qualified to do business in the Commonwealth of Massachusetts, disclosing a place of business in the Commonwealth, the defendant was not

domiciled in Massachusetts. The plaintiffs further admit that the amount in controversy is in excess of $75,000. The plaintiffs neither admit nor deny the remaining allegations contained in paragraph 4 of the Counterclaim as they constitute conclusions of law which may be based on a faulty premise and do not, in any event, require reply.

5. The plaintiffs deny the allegations contained in paragraph 5 of the Counterclaim, as the defendant in this action is a Nevada limited partnership which was not, until mid-September of this year, qualified to conduct business in the commonwealth. Plaintiffs admit that copies of letters filed by a Florida limited partnership of the same name as the defendant filed letters with the Attorney General's Office and that copies of those letters are attached to the Counterclaim as Exhibit A.

6. Plaintiffs admit that on or about April 5, 2002 they executed a promissory note to the defendant, and that a copy of that note is annexed to the Counterclaim as Exhibit B. The plaintiffs deny that the defendant loaned any more than $75,000 pursuant to that note and further deny that $75,000 was paid out on April 5, 2002. Further answering, the plaintiffs assert that the document speaks for itself.

7. The plaintiffs admit the allegations contained in paragraph 7 of the Counterclaim.

8. The plaintiffs neither admit nor deny the allegations contained in paragraph 8 of the Counterclaim and assert that the document speaks for itself.

9. The plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 of the Counterclaim and call upon the defendant to prove the same.

10. Plaintiffs admit that on or about February 25, 2003 they executed a promissory note to the defendant, and that a copy of that note is annexed to the Counterclaim as Exhibit C. The plaintiffs deny that the defendant loaned any more than $1,448,632.23 pursuant to that note

and further deny that such monies were paid out on February 25, 2003. Further answering, the plaintiffs assert that the document speaks for itself.

11. The plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of the Counterclaim and call upon the defendant to prove the same.

12. The plaintiffs neither admit nor deny the allegations contained in paragraph 12 of the Counterclaim and assert that the document speaks for itself.

13. The plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 13 of the Counterclaim and call upon the defendant to prove the same.

14. Plaintiffs admit that on or about June 30, 2003 they executed a promissory note to the defendant, and that a copy of that note is annexed to the Counterclaim as Exhibit D. The plaintiffs deny that the defendant loaned any more than $200,000.00 pursuant to that note and further deny that such monies were paid out on June 30, 2003. Further answering, the plaintiffs assert that the document speaks for itself.

15. The plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 15 of the Counterclaim and call upon the defendant to prove the same.

16. The plaintiffs neither admit nor deny the allegations contained in paragraph 16 of the Counterclaim and assert that the document speaks for itself.

17. The plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 17 of the Counterclaim and call upon the defendant to prove the same.

18. The plaintiffs have insufficient knowledge or information to either admit or deny

the allegations contained in paragraph 18 of the Counterclaim and call upon the defendant to prove the same.

19. The plaintiffs deny the allegations contained in paragraph 19 of the Counterclaim.

20. The plaintiffs admit that a copy of a letter dated June 24, 2005 which was sent by the counsel for the defendant to the plaintiffs is annexed to the Counterclaim as Exhibit E. The plaintiffs deny the balance of the allegations contained in paragraph 20 of the Counterclaim. In further answering the plaintiffs assert that the document speaks for itself.

21. The plaintiffs admit that a copy of a letter dated June 24, 2005 which was sent by the counsel for the defendant to the plaintiffs is annexed to the Counterclaim as Exhibit F. The plaintiffs deny the balance of the allegations contained in paragraph 21 of the Counterclaim. In further answering the plaintiffs assert that the document speaks for itself.

## COUNT I

(Breach of Contract - Architect Note)

22. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 21 above and incorporate them herein by reference as though set forth in full.

23. Plaintiffs deny the allegations contained in paragraph 23 of the Counterclaim.

24. Plaintiffs deny the allegations contained in paragraph 24 of the Counterclaim.

25. Plaintiffs deny the allegations contained in paragraph 25 of the Counterclaim.

## COUNT II

(Money Lent)

26. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 25 above and incorporate them herein by reference as though set forth in full.

27. Plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 27 of the Counterclaim and call upon the defendant to prove

the same.

## COUNT III

(Breach of Contract - Construction Note)

28. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 27 above and incorporate them herein by reference as though set forth in full.

29. Plaintiffs deny the allegations contained in paragraph 29 of the Counterclaim.

30. Plaintiffs deny the allegations contained in paragraph 30 of the Counterclaim.

31. Plaintiffs deny the allegations contained in paragraph 31 of the Counterclaim.

## COUNT IV

(Money Lent)

32. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 31 above and incorporate them herein by reference as though set forth in full.

33. Plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 33 of the Counterclaim and call upon the defendant to prove the same.

## COUNT V

(Breach of Contract - Fitchburg Note)

34. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 33 above and incorporate them herein by reference as though set forth in full.

35. Plaintiffs deny the allegations contained in paragraph 35 of the Counterclaim.

36. Plaintiffs deny the allegations contained in paragraph 36 of the Counterclaim.

37. Plaintiffs deny the allegations contained in paragraph 37 of the Counterclaim.

## COUNT VI

(Money Lent)

38. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 37 above and incorporate them herein by reference as though set forth in full.

39. Plaintiffs have insufficient knowledge or information to either admit or deny the allegations contained in paragraph 39 of the Counterclaim and call upon the defendant to prove the same.

## COUNT VII

(Breach of Contract - April 2002 Guaranty)

40. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 39 above and incorporate them herein by reference as though set forth in full.

41. Plaintiffs admit that on or about April 5, 2002 Rau executed a document, and that a genuine copy of that document is annexed to the Counterclaim as Exhibit G. Further answering, the plaintiffs assert that the document speaks for itself.

42. The plaintiffs admit that a copy of a letter dated June 24, 2005 which was sent by the counsel for the defendant to the plaintiffs is annexed to the Counterclaim as Exhibit E. The plaintiffs deny the balance of the allegations contained in paragraph 42 of the Counterclaim. In further answering the plaintiffs assert that the document speaks for itself.

43. The plaintiffs have insufficient knowledge or information to admit or deny the allegations contained in paragraph 43 of the Counterclaim and call upon the defendant to prove the same.

## COUNT VIII

(Breach of Contract - February 2003 Guaranty)

44. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 43 above and incorporate them herein by reference as though set forth in full.

45. Plaintiffs admit that on or about February 25, 2003 Rau executed a document, and

that a genuine copy of that document is annexed to the Counterclaim as Exhibit H. Further answering, the plaintiffs assert that the document speaks for itself.

46. The plaintiffs admit that a copy of a letter dated June 24, 2005 which was sent by the counsel for the defendant to the plaintiffs is annexed to the Counterclaim as Exhibit E. The plaintiffs deny the balance of the allegations contained in paragraph 42 of the Counterclaim. In further answering the plaintiffs assert that the document speaks for itself.

47. The plaintiffs have insufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of the Counterclaim and call upon the defendant to prove the same.

### COUNT IX

(Breach of Contract - June 2003 Guaranty)

48. Plaintiffs repeat their replies to the allegations contained in paragraphs 1 through 47 above and incorporate them herein by reference as though set forth in full.

49. Plaintiffs admit that on or about June 30, 2003 Rau executed a document, and that a genuine copy of that document is annexed to the Counterclaim as Exhibit I. Further answering, the plaintiffs assert that the document speaks for itself.

50. The plaintiffs admit that a copy of a letter dated June 24, 2005 which was sent by the counsel for the defendant to the plaintiffs is annexed to the Counterclaim as Exhibit F. The plaintiffs deny the balance of the allegations contained in paragraph 42 of the Counterclaim. In further answering the plaintiffs assert that the document speaks for itself.

51. The plaintiffs have insufficient knowledge or information to admit or deny the allegations contained in paragraph 51 of the Counterclaim and call upon the defendant to prove the same.

## **Affirmative Defenses**

First: The Counterclaim fails to state a claim upon which relief may be granted and should be dismissed.

Second: The contracts forming the predicate of the Counterclaim are illegal and should be nullified; therefore, the Counterclaim must fail.

Third: If the defendant has suffered any damages, which the plaintiffs deny, then such damages are a result of actions of the defendant or of third parties for whom the plaintiffs are not responsible; therefore, the Counterclaim must fail.

Fourth: The Counterclaim is in bad faith and must, therefore, fail.

Fifth: If the defendant has suffered any damages, which the plaintiffs deny, then such damages resulted from the defendant's own fraudulent conduct and are not recoverable from the plaintiffs.

Sixth: The defendant is estopped, by its own conduct, from asserting the claims set forth in the Counterclaim.

Seventh: The defendant is barred from seeking equity from this court as it has entered with unclean hands.

Eighth: Insofar as the plaintiffs were induced to enter into contracts with the defendant through the defendant's knowing and intentional misrepresentations, the plaintiffs should be excused from performance thereunder.

Ninth: The defendant has failed to mitigate its damages and is, therefore, barred from recovery.

Tenth: The Counterclaim must fail as due to the actions of the defendant, performance by the plaintiffs was rendered impossible.

Eleventh: The contracts which form the predicate of the Counterclaim are voidable for lack of consideration and the claims thereunder must therefore fail.

Twelfth: If the defendant maintains an office in the commonwealth, then this court does not have jurisdiction based upon diversity and the matters before the court, being state court claims, should be remanded to the Superior Court.

                BBC EQUITIES, INC. and
                DOUGLAS RAU,
                By their Attorneys,

                _____
                Dana E. Casher
                Krulewich, Casher, P.C.
                50 Staniford Street
                Boston, MA  02114
                (617) 367-1200
                BBO #551037

Dated: October 19, 2005

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the defendant by mail to its attorney of record and by electronic service, on this date.

_____
Dana E. Casher