UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBC EQUITIES, INC., and DOUGLAS K. RAU,<br>    Plaintiffs<br><br>V.<br><br>WESTMOUNT FINANCIAL LIMITED PARTNERSHIP,<br>    Defendant | CIVIL ACTION NO. 05CV-40156-FDS |

**DEFENDANT'S OPPOSITION TO MOTION FOR RECONSIDERATION**

The defendant, Westmount Financial Limited Partnership ("Westmount"), opposes the plaintiffs' motion for reconsideration where plaintiffs have offered no new material facts or law which alter the expressed grounds for the Court's Order denying injunctive relief, dated October 5, 2005.

As grounds for its opposition, Westmount states:

1. Plaintiffs seek to avoid repayment of loans received from Westmount. They continue to argue that Westmount failed to meet the technical requirements for registration with the Massachusetts Attorney General required under M.G.L. c.271, §49.

2. By its plain terms, a lender is exempt from the limitation of interest charges established under M.G.L. c.271, §49 where it "notifies the attorney general of his intent" to make such loans and "maintains records of any such transaction." The statute requires that such notice "contain the [lender's] name and accurate address" and that the lender maintain records including "the name and address of the borrower, the amount borrowed, the interest and expenses to be paid by the borrower, the date the loan is made and the date or dates on which any

{H:\PA\Lit\20148\00002\A0850745.DOC}

payment is due." Finally, the statute requires that "such records shall be made available to the attorney general for the purposes of inspection upon his request." The law requires no more than this. Plaintiff's arguments to the contrary seek to impose conditions upon borrower's repayment obligation beyond the express requirements of the statute.

3. Westmount, the lender and defendant in this case, is a Nevada limited partnership with offices in Arizona, New Hampshire and Florida. In years preceding and subsequent to the making of its loans to BBC Equities, Inc. ("BBC"), Westmount duly notified the attorney general as required under M.G.L. c.271, §49. It remains undisputable that Westmount's registration letters contained both the lender's name and accurate address prescribed under the statute. Plaintiffs cannot fairly dispute either the accuracy of the addresses provided or the identity of their lender.

4. The statute under which the plaintiffs seek relief does not require that the lender specify either its organizational history or the state in which it is organized.[1] The statute merely requires that the lender specify its "name and accurate address," and that the required records be maintained. Even on reconsideration, plaintiffs fail to offer any evidence or argument that Westmount has not strictly complied with the requirements of the usury statute.

5. As demonstrated, Westmount has complied in all respects with the technical requirements of M.G.L. c.271, §49, and the plaintiffs' prayer to be relieved of their obligations under their loan agreements is unjustified.

---

[1] Thus, the plaintiff's assertions relating to the merger of Westmount and its predecessor and to filings with the Secretary of State of the Commonwealth are immaterial to the Court's consideration of the underlying motion. Westmount is, and was at the time it made the instant loans to BBC, the surviving limited partnership of a merger in December 2000 of a Florida limited partnership (formed in 1993) and a Nevada limited partnership (formed in 2000). The merged entity continues to maintain the same offices at the same addresses as did the Florida limited partnership which merged into it.

WHEREFORE, the defendant, Westmount Financial Limited Partnership, demands that the plaintiffs' motion for reconsideration be denied, together with such further relief as is appropriate.

**WESTMOUNT FINANCIAL LIMITED PARTNERSHIP**

By its attorney,

/s/ Kristin D. Thompson
Robert L. Hamer, Esq., BBO #218715
Kristin D. Thompson, Esq., BBO #656179
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: October 25, 2005

## CERTIFICATE OF SERVICE

I, Kristin D. Thompson, hereby certify that I have this day served a copy of the foregoing document, via electronic filing, to **Dana E. Casher**, Esq., Krulewich, Casher, P.C., 50 Staniford Street, Boston, MA 02114.

/s/ Kristin D. Thompson
Kristin D. Thompson, Esq.

Dated: October 25, 2005